Nash, J.
 

 In the opinion of this Court, the presiding: Judge erred in deciding that the letters of administration granted to the plaintiff are merely voidable ; we consider them void. We so believe, for the reason that while the-facts remained as they were, when the Court acted, the latter had no legal power to grant any species of administration upon the estate of Flinn; the ease was not within their jurisdiction. The executor to a will, labour-ing under no disability, alone has the power and authority to administer the assets of the testator. If he be a minor or a lunatic, or beyond the' jurisdiction of the Court, the lartter may appoint a temporary administrator, but, not a
 
 *29
 
 general one. The powers of the one are essentially different from those of the other, and if the latter be granted in such a case, the letters are void. In the language of the Court in the case of
 
 Slade against Washbourn,
 
 8d Ire. 562, they are a nullity. There the letters were declared void, because they were general and were granted during a contest on the probate of the will. In the case now before us, the letters of administration recite the existence of the will of Plinn, and are silent as to whether it had been admitted to probate or not, nor do they show that there was no executor appointed in it, or, if there was or had been one, his death or renunciation. The law empowers the Court to grant a general administration only in cases of intestacy, and provides, that where a person shall die
 
 “
 
 having made a will and the executor shall refuse to prove the same or qualify as such, administration shall be granted, &c.” 1 vol. Rev. Stat. 46, s. 2, and the letters upon their face must show the reason of their being granted. It appears from the case that there was an executor, and that he was still in existence, at the time the plaintiff was appointed administrator with the will annexed. Although it is the duty of a person appointed to the executorship of a will to bring it forward to the proper tribunal for probate, he cannot be compelled to accept the office, but may renounce his right to qualify. This renunciation may be made by the executor in open Court or by letter or other writing, addressed to the Court and proved to their satisfaction. In either case it must be made a matter of record, and the letters of administration, which are but a transcript of the record, must set it forth, as showing the power and authority of the Court, to grant them. In subsequent proceedings, the letters constitute the only evidence of the fact; parol evidence cannot be received, 1st Will, on Ex’rs. 158.
 
 Slade against Washbourn,
 
 1st Ire. 561.
 
 Stabbins against Lathrop,
 
 4 Pick. 23.
 
 Commonwealth against Mather,
 
 16 Ser. and Ra. 416. If, therefore, the letters show that there is
 
 *30
 
 a will, and the existence of an executor be unknown, or before his renunciation, the Court cannot grant letters of administration with the will annexed. If they do, the letters are void and confer no authority or power upon the administrator.
 
 Abram against Cunningham, 2
 
 Lea. 182.
 
 Graysbrook against Fox,
 
 Plow. 276.
 
 Mitchell and others against Adams,
 
 1 2Ire. 302. His Honor received parol evidence, subject to the objection made, that Williamson had renounced. Of his error he evidently became aware, for he does not notice it in his opinion, but places his decision upon the ground that, though the Court could not grant a general administration, they might a special one. If by special, his Honor meant a limited one, it
 
 might
 
 be so. Rut the Court in this case does not grant a limited but a general administration, to administer the assets according to the disposition of them by the testator.
 

 We are of opinion that the letters of administration with the will annexed, under the circumstances of this case, are null and void.
 

 Per Curiam, The judgment of the Superior Court is yeyersed and a
 
 venire de novo
 
 awarded'.