ASA H. WATKINS and WIFE, *v.* H. J. ADAMS, Adm'r.

EXECUTOR AND ADMINISTRATOR: NEW GRANT OF LETTERS ON REMOVAL.—As a general rule, there cannot be two valid grants of administration on the same estate

at the same time, within the State; but by the statute, Hutch. Dig. 677, § 3, it is expressly provided, that where an administrator, appointed in one county, shall remove to another, or where the property shall be removed to another county, the Probate Court of the county to which the administrator shall have removed, or to which the property shall have been removed, may make a new grant of letters of administration to the person entitled, who is thereupon authorized to make a final settlement of his administration as far as it has progressed in the court first granting letters, and thenceforth be accountable only to the court by which the new administration was granted.

APPEAL from the Probate Court of Franklin county.   Hon. J. M. Jones, judge.

The appellee was appointed by the Probate Court of Franklin county, administrator of the estate of one Kinnisson.   Adams afterwards removed with the property to Claiborne county, and took out letters of administration on the estate from the Probate Court of that county.   He thereupon applied to the Probate Court of Franklin county, to make a final settlement of his accounts in that court.   Watkins and wife, by way of exception to his final account, filed a petition, and insisted that the administrator had failed to account for certain slaves, which he had recovered by suit, since his appointment as administrator.   Adams answered, and showed that he had returned them in his inventory to the Probate Court of Claiborne county.   Watkins and wife excepted to this answer as insufficient in law, and the exceptions being overruled, they appealed.

*W. S. Wilson,* for appellants.

*Geo. L. Potter* and *Geo. V. Moody,* for appellee.

FISHER, J., delivered the opinion of the court.

This is an appeal from a decree of the Probate Court of Franklin county.

The appellee was appointed by the Probate Court of said county, administrator of the estate of Nathaniel Kinnisson, deceased, and afterwards removed to the county of Claiborne, where he obtained letters of administration, and proceeded to make a settlement, so far as the administration had progressed in the Probate Court of Franklin county.

The first question for decision, is, whether the Probate Court of Claiborne county could grant letters of administration to the appellee, while he was acting under the letters granted by the Probate Court of Franklin County. :

As a general rule, it is true, as argued by counsel, that there cannot be two valid grants of administration on the same estate, to the same person, or to different persons, by different Probate Courts within the State, at the same time. But the statute has settled this question—by declaring, that when a person obtaining letters of administration in one county, shall remove to another; or when the property shall be removed, &c., the Probate Court of the county to which the administrator shall remove, or to which the property shall be removed, shall have power to grant the person entitled letters of administration, &c. Hutch. Code, 677, § 3. It is, however, contended, that the court cannot appoint the same person as administrator; but must appoint a different person. The court is authorized to appoint the person entitled to the administration; and we must presume that this question was settled by the Probate Court of Franklin, when the appellee was first appointed. But under any view of the subject, the question would have to be made in the Probate Court of Claiborne county, where the appointment was made, and not in the county of Franklin. As the whole controversy in the court below, is made by the argument of counsel, to depend upon this question, we deem it unnecessary to consider any other point argued.

Decree affirmed.