E. K. BYRD et al. v. C. H. BYRD, Administrator of CHARLES BYRD.

*Administrator, Action Against—Rights of Heirs to be made Parties—Plea of Statute of Limitations.*

1. The heirs or next of kin of a decedent have no right to be made parties to an action on account against the administrator, although they allege collusion between the plaintiff and the administrator.

2. Where, at the term at which the action stood for trial, the heirs of the decedent were, by consent of the administrator, made parties to an action by a creditor against him to recover a debt alleged to be due by the decedent, such consent by the administrator being upon the condition that they should not plead the statute of limitation, they had no right to interpose such plea or any other, without the consent of the court.

This was a CIVIL ACTION, brought by the plaintiff against the defendant, to recover judgment for $268.00, being an action simply to ascertain the debt, and heard by *Timberlake, Judge*, at Spring Term, 1895, of YANCEY Court, on a motion made by J. C. Byrd and A. J. Burton, the husbands of two of the heirs-at-law of the defendant's intestate, C. H. Byrd, to make the heirs-at-law of said intestate parties defendant in said action and allow them to defend the same. The motion was resisted by both plaintiffs and

defendant for the reason that the said heirs-at-law were in no way necessary parties. They both offered to consent that the said heirs-at-law might be made parties and make any defence other than plead statute of limitation, which offer the said A. J. Burton and J. C. Byrd declined.

His Honor made the following order:

"The heirs-at-law of Charles Byrd, the intestate of defendant administrator, having asked leave of court to make themselves parties defendant and the court having ordered that the heirs be allowed to make themselves parties defendant, on condition that they do not set up as a defence the statute of limitation, and the said heirs having refused to become parties on such condition: It is ordered that the request of said heirs be not granted and that they shall not be made parties defendant to this action."

To this refusal, the said Burton and J. C. Byrd excepted and appealed.

*Mr. E. J. Justice*, for plaintiff.
No counsel, *contra*.

FURCHES, J.: This is an action for the recovery of money alleged to be due by account. The defendant, C. H. Byrd, is the administrator of Charles Byrd, and the appellants are two of the heirs and next of kin to said Charles. At the trial term they filed an affidavit in which they alleged that the claim sued on is barred by the statute of limitations; that defendant had not pleaded this defence and alleged fraud and collusion between plaintiff and defendant and asked to be allowed to make themselves parties defendant and that they be allowed to file an answer and defend the action.

To this affidavit and motion to be made parties the defendant, without admitting affiants' right to be made

parties, agreed they might be so made, as they had alleged fraud and collusion with plaintiff and that they might put in any defence they pleased except the statute of limitations; that this he would not agree they should do, as he knew the claim sued on was a just debt and should be paid.

Upon this statement of the defendant administrator, the court stated to affiants they might make themselves defendants and make any defence they had to the claim except the statute of limitations; the court would not allow them to plead the statute of limitations and defend on that ground. Affiants declined to make themselves parties upon the terms proposed by the administrator and adopted and proposed by the court as above set forth, and appealed to this Court.

We can see no ground upon which they can maintain this appeal. Though they were heirs-at-law and next of kin to the intestate Charles, they were strangers to this action and had no more right to make themselves parties than they would have had if the intestate Charles had been living and had been sued for this claim, instead of his personal representative. *Code*, Section 1507; *Spier v. James*, 94 N. C., 417. They had no interest in the subject matter of this action and therefore no right to demand that they should be made parties. *Colgrove v. Koonce*, 76 N. C., 363; *Wade v. Saunders*, 70 N. C., 270. To have entitled them to this right, they must not only have been interested in the subject matter but jointly interested in the subject of litigation, so as to make them necessary parties to a final determination. *Jones v. Asheville*, 116 N. C., 817; *Lytle v. Burgin*, 82 N. C., 301. In actions of ejectment against a tenant the landlord may be allowed to make himself a party and defend the possession of his tenant, as he is the principal party interested. *Bryan v. Kinlaw*, 90 N..

C., 337, and many other cases. But these cases do not conflict with the reason or the rule announced in *Colgrove* v. *Koonce, supra,* and that line of cases. But, if affiants had made themselves parties, as the time for pleading allowed by law had passed, they had no right to plead without the permission of the court. And the ruling as to this was a matter· of discretion and this Court has no right to review the same. *Turner* v. *Shuffler,* 108 M. C., 642. But, as affiants had no right to make themselves parties, they had no right to appeal. And their appeal must be dismissed.

Dismissed.