*In Re* ESTATE OF ISAAC BOWMAN, Deceased.

*Administration on Decedent's Estate—Administrators, Appointment of—Power of Clerk.*

Where letters of administration are issued to one person, who qualifies, the power of the Clerk, in that respect, and as to that Estate, are exhausted and the subsequent appointment of another person as administrator, before the first appointment is revoked, is void.

Appeal by W. H. Quick, administrator of Isaac Bowman, respondent, from a judgment of the Clerk of the Superior Court

of Union County, ordering that the letters of administration to him, on the estate of Isaac Bowman be recalled, cancelled and revoked, heard before *Norwood, Judge,* in court-house in Monroe, on Saturday, 15th February, 1897.

His Honor sustained the ruling of the Clerk, and Quick appealed. The facts appear in the opinion.

*Mr. E. Y. Webb,* for plaintiff.
*Messrs. Adams & Jerome,* for defendant (appellant).

MONTGOMERY, J.: Isaac Bowman, a brakesman in the employment of the Raleigh & Augusta Railroad Company, was killed on the 28th of January, 1896, while in the discharge of his duties. On the 6th of March following F. H. Whitaker, the public administrator of Union County, was duly qualified by the Clerk, administrator of the decedent. The intestate left him surviving one adult brother, and another brother and a sister, who are infants under twenty-one years of age. The letters of administration were granted upon an application in due form, and upon production by the applicant of a paper writing purporting to be the renunciation of the mother and adult brother of the right to qualify as administratrix or administrator. The paper was in due form and witnessed by A. B. Horn, a deputy sheriff of the county. On the 27th of March, three weeks after the qualification of Whitaker, the respondent W. H. Quick, applied for letters of administration on the same estate, upon a paper purporting to be the written renunciation of the mother; and ten days thereafter letters of administration were issued to Quick. On the day of application for letters of administration by Quick, ten days before his bond was executed and filed and before he had been qualified as administrator, he states in his affidavit filed in this case, that the Clerk "did issue to affiant a subpœna against the Railroad Company, by which decedent was killed, together with

*In Re* BOWMAN'S ESTATE.

subpœnas for witnesses in the case:" and before two weeks had passed he had made an alleged settlement with the railroad company as to the damages which might have been recovered by the administrator of the decedent, on the basis of three hundred and fifty dollars, retaining out of the same one hundred and seventy-five dollars for his services as attorney at law, had paid the balance to persons entitled to it, including the two infant children and had filed what he calls his final account. It is difficult to read these admitted facts and repress some criticism of the conduct of the Clerk and of the attorney at law, Mr. Quick: but we do refrain and pass at once to the question involved. Was the action of the Clerk in granting letters of administration to Quick void? We answer, Yes. Everything appears to be regular in the proceedings in which the petitioner Whitaker was appointed administrator. When he afterwards undertook to appoint Quick administrator, the Clerk had exhausted his power in the granting of the letters of administration to the petitioner Whitaker. He had no power to grant letters upon the estate to any other person under any conditions while the letters issued to Whitaker were unrevoked. *Hyman* v. *Gaskins*, 5th Iredell, 267. The law could not tolerate such a condition of things as would ensue if the Clerk could appoint subsequent administrators leaving the letters of former ones unrevoked: nor will it permit suits at law raising the issue of fact to be tried between two rival administrators as to which one of them is entitled to the office. If the first letters had been fraudulently procured, or if they have been issued to the wrong person, the remedy is at hand —a motion to remove—and then, upon that being done, to have qualified the person entitled to administer. That was the course which should have been pursued in this case. The next of kin in this matter have lost their day, and the public administrator, the petitioner, has qualified according

SHENNONHOUSE *v.* WITHERS

to law. What course he intends to pursue is not for us to say, but it is to be presumed that, if the fact be as he affirms in his affidavit that the railroad authorities made the settlement with Quick, treating with him as the administrator, after they had had notice that the petitioner had qualified as administrator of the decedent estate, had entered upon his duties and had advertised for creditors according to law, he will take steps to look into that settlement as well as to the charge made by Quick for his services as attorney, at least so far as the infant children are concerned.

We need not discuss the particulars of the alleged irregularities and errors in the proceedings, either of his Honor or of the Clerk, for they are immaterial when considered in the view of the law which we have taken.

The judgment of his Honor affirming that of the Clerk declaring letters of administration issued to Quick to be void and to be revoked, is affirmed.

Affirmed.