R. S. BEST, ADMINISTRATOR OF R. R. BEST, v. CLARISSA BEST
ET AL.

(Filed 26 March, 1913.)

1. **Executors and Administrators—Petition for Sale of Lands—Assets—Demurrer—Appeal and Error.**

    Where an administrator petitions for the sale of lands to make assets to pay the debts of the deceased, and among these is a debt which the heirs at law contend is fraudulent, as to whether an appeal will lie from a judgment sustaining the plaintiff's demurrer to the answer, a sale of the land necessarily having been ordered so as to make assets, *Quære.*

2. **Executors and Administrators—Petition for Sale of Lands—Assets—Heirs at Law—Pleas—Statute of Limitations—Judgments—Fraud.**

    The heirs at law of deceased person, whose administrator has petitioned for the sale of his lands to make assets to pay his debts, may, in protection of the real estate, plead the statute of limitations in the suit of a debtor whenever such plea would be available to the administrator (or executor) in protection of

BEST *v.* BEST.

the personalty, except where the debtor's claim is evidenced by a subsisting judgment against the administrator (or executor), the heirs at law are concluded as to its validity, unless the judgment can be successfully assailed on the ground of fraud and collusion.

3. **Executors and Administrators—Judgment—Debt—Heirs at Law —Fraud—Pleadings.**

Where the heirs at law of the deceased attack a judgment obtained against his administrator for fraud and collusion, which appears upon its face to be a valid subsisting judgment, it is not sufficient to allege in general terms that there has been fraud and collusion, for the facts constituting the alleged fraud must be stated with sufficient fullness and certainty to indicate the fraud charged and to apprise the offending party of what he will be called upon to answer.

4. **Executors and Administrators—Final Settlement—Further Collection of Assets.**

The powers and duties of an administrator do not necessarily cease because a final settlement had formally been made by him; and when he has not expressly been discharged from further execution of the trust, he still has the power, and may be under obligation, to continue to collect assets when the opportunity is further presented.

5. **Same—Judgments—Fraud—Pleadings.**

Where the heirs at law of a deceased person seek to set aside a judgment for fraud and collusion, obtained against his administrator, the allegations are insufficient which merely alleged that the administrator, having qualified for the purpose of furthering the collection of a debt due to his own father's estate, failed to plead the statute of limitations to the judgment obtained; that the administrator of the one to whose estate the debt was claimed to be due had made a final settlement without including this debt as an asset, and there is no suggestion that the original demand on which the judgment was rendered was not a just debt, and it is admitted it was never paid.

APPEAL from *Justice, J.,* at January Term, 1913, of WAYNE.

Petition to sell land for assets, heard on transfer to civil-issue docket, on the pleadings, demurrer, etc.

Plaintiff, administrator of R. R. Best, filed petition to sell land of his intestate to make assets to satisfy unpaid claims against the estate, among others, a judgment rendered against said intestate in favor of D. A. Cogdell, administrator of T. W.

Best, the latter being father of present plaintiff, before Hugh Humphrey, J. P., on 15 May, 1912. Other claims were set out in the petition which had been reduced to judgment. The defendants, the heirs at law of R. R. Best, answered, denying the validity of claims other than that of Cogdell, administrator, and, as to that, plead that at the time judgment was rendered in May, 1912, the same was long barred by the statute of limitations; that Cogdell had made final settlement of the estate of T. W. Best, making no reference to or account of this claim, and that R. S. Best had qualified as administrator of his intestate, R. R. Best, with sole view of having this debt collected, and had suffered judgment to be taken without entering the plea of the statute of limitations and without notifying any of the heirs at law of R. R. Best, and that said judgment was procured by fraud and collusion between Cogdell, administrator of T. W. Best, and the present plaintiff, and defendants plead the statute of limitations to this claim and said fraud and collusion against enforcement of same by sale of the realty descended to them from their father, R. R. Best. Plaintiff having demurred to the answer as to this claim, there was judgment overruling demurrer, and plaintiff excepted and appealed.

*W. C. Munroe and George E. Hood for plaintiff.*
*Langston & Allen for defendant.*

HOKE, J. There is doubt if an appeal properly lies in the present condition of the record; a sale of the land, in any event, being necessary, having been ordered for the purpose of making assets. *Arrington v. Arrington,* 91 N. C., 301; *Commissioners v. Satchwell,* 88 N. C., 1; *Hines v. Hines,* 84 N. C., 122. Inasmuch, however, as the validity of all the other claims have been established and a decision on the Cogdell debt is required to a proper distribution of the assets, we have deemed it best, for the purposes of this appeal, to treat the judgment as one in its nature final, and decide the questions which the parties desired to present. Recurring, then, to the pleadings, it is now very generally understood that on a petition to sell land for assets, the heirs, in protection of the real estate, may plead the statute of limitations whenever such plea would be

available to the executor or administrator in protection of the personalty; but, when the claim is evidenced by a subsisting judgment against the executor or administrator, the heir is concluded as to its validity, unless the judgment can be successfully assailed on the ground of "fraud and collusion," or "collusive fraud," as expressed in some of the cases. This position, as laid down in *Speer v. James,* 94 N. C., 417, correcting an erroneous impression to the contrary which had been made by *Bevers v. Park,* 88 N. C., 456, has been again and again affirmed by this Court, and may be taken as accepted law with us. *Lee v. McKoy,* 118 N. C., 518; *Byrd v. Byrd,* 117 N. C., 523; *Proctor v. Proctor,* 105 N. C., 222; *Smith v. Brown,* 99 N. C., 377. This, then, being the recognized principle, and the claim in favor of Cogdell having been reduced to judgment in 1912, before a justice of the peace, having jurisdiction, and being on its face a valid subsisting judgment, the same can only be successfully resisted by plea and proof of fraud and collusion, vitiating the judgment, and, in order to such a defense, it is not sufficient to allege in general terms that there has been "fraud and collusion," but the facts constituting the alleged fraud must be stated and with sufficient "fullness and certainty to indicate the fraud charged and to apprise the offending party of what he will be called on to answer." *Mottu v. Davis,* 151 N. C., 237, citing *Ritchie v. McMullen,* 159 U. S., 239; 9 Eng. Pl. and Pr., p. 687.

In the present case, the only facts alleged tending to show fraud are that the administrator, having qualified for the purpose of furthering the collection of a debt due to his own father's estate, failed to plead the statute of limitations, and, second, that Cogdell, the father's administrator, had made final settlement and had not accounted for present claim as part of the assets; but neither of these averments, nor both together, without more, amount to "collusive fraud." *Byrd v. Byrd, supra.* It is nowhere suggested that the original demand, on which this judgment was rendered, was not a just debt, and it is admitted in the answer that the same has never been paid. The heirs of R. R. Best, the present defendants, had the first right, and were, no doubt, offered opportunity to

qualify as his administrator, and, having failed to do it, the present plaintiff had *prima facie* the right to qualify to collect his father's debt, and neither the power nor the duties of Cogdell, as administrator of T. W. Best, had necessarily ceased because a final settlement had been formally made. Unless in terms discharged from further execution of his trust, he still had power and may have been under obligation to go on and collect assets when opportunity was further presented. 18 Cyc., p. 146. There was nothing in the facts set out, therefore, which amounted to a valid defense against the claim in question, and the further and general allegation of fraud and collusion did not amount to issuable matter.

On perusal of the pleadings, as they now appear, there was error in judgment overruling plaintiff's demurrer, and the same must be set aside.

Error.