ANDERSON ET AL. *v.* STATE OF INDIANA, EX REL. BRUNER, GUARDIAN.

[No. 10,926.   Filed October 6, 1921.]

1. APPEAL.—*Waiver of Error.—Ruling on Demurrer.—Briefs.*— Any question with reference to the action of the trial court in overruling the demurrer to the complaint is waived, where neither the demurrer nor the memorandum filed therewith, nor the substance thereof, appear in appellant's brief, and no proposition or point is addressed to the action of the court in making such ruling. p. 363.

2. EVIDENCE.—*Presumptions.—Continuance of Fact or Status.*— Where a fact is shown to exist, a presumption arises that it continues to exist, and this presumption stands until the contrary is shown, or a contravailing presumption is raised, and where it is shown that one has been appointed a guardian for a minor, the presumption is that he continued to serve in such capacity during the minority of the ward. p. 363.

3. GUARDIAN AND WARD.—*Action by Guardian to Recover from Invalidly Appointed Guardian.—Demand.*—One appointed a guardian of a minor, with full knowledge that a prior guardianship, under a valid appointment, was in existence, was bound to know that his appointment was without authority, and that his act in receiving money which was the property of the minor was wrongful, and no demand for such money was necessary before suit by the prior appointed guardian to recover it. p. 364.

4. GUARDIAN AND WARD.—*Void Appointment of Guardian.—Collateral Attack.*—The action of a circuit court in appointing a guardian for a minor when a prior valid appointment of a guardian for the minor had been made by another circuit court and such guardianship was still in existence, could be collaterally attacked, being absolutely void, in view of §3056 Burns 1914, §2512 R. S. 1881, providing that in event of conflict between two appointments of guardians in different counties, the one first made shall exclude all others and extend to all property of the ward within the state. p. 364.

5.  APPEAL.—*Briefs.—Specification of Errors.— Exception in Trial Court.*—No question is presented for review on appeal as to the admissibility of evidence, where failure to set out in their brief what objections, if any, were made in the trial court to the admission of such evidence, or that any exception was taken to the action of the trial court in ruling thereon. p. 366.

From Martin Circuit Court; *James W. Ogdon,* Judge.

Action by the State of Indiana, on the relation of Charles F. Bruner, guardian of Edmond Lee Anderson, a minor, against George J. Anderson and another. From a judgment for relator, the defendants appeal. *Affirmed.*

*Carlos T. McCarty,* for appellants.
*Frank E. Gilkison,* for appellee.

BATMAN, J.—On January 24, 1919, the Martin Circuit Court appointed the relator, Charles F. Bruner, guardian of Edmond Lee Anderson, who was a minor, residing in Martin county, Indiana. Thereupon the relator duly qualified and assumed the duties of said trust. On March 6, 1920, the Orange Circuit Court appointed appellant George J. Anderson, guardian of said Edmond Lee Anderson, who executed his bond as such with his coappellant as surety thereon. Appellant Anderson, subsequent to his said appointment, received from the estate of Barbara J. Kirklan, deceased, the sum of $2,906.32, which was the property of said minor. This action was instituted by appellee to recover said sum from appellants. The complaint is in two paragraphs, to each of which a demurrer was filed and overruled. The filing of an answer in general denial closed the issues. The cause was tried by the court resulting in a finding and judgment in favor of appellee. Appellants filed a motion for a new trial, which was overruled, and they are now prosecuting this appeal on an assignment of errors,

which requires a determination of the questions hereinafter considered.

Any question with reference to the action of the court in overruling the demurrer to the complaint is waived, as neither the demurrer nor memorandum filed therewith, nor the substance thereof, appear in appellants' brief, and no proposition or point is addressed to the action of the court in making such ruling.

It is contended that there is a complete failure of evidence to sustain the decision of the court in two vital particulars, viz.: (1) That the relator was the guardian of the minor, Edmond Lee Anderson, at the time of the trial of the cause; (2) that the relator made a demand on appellants for the payment of the money in question before the commencement of this action. The undisputed evidence shows that said Edmond Lee Anderson is a minor, eight years of age, and lived in Martin county, Indiana. It was admitted on the trial that the relator was appointed his guardian by the Martin Circuit Court on January 24, 1919, and that he duly qualified as such. It is a fundamental doctrine, that when a fact is shown to exist, a presumption arises that it continues to exist, and this presumption stands until the contrary is shown, or a contravailing presumption is raised. *Adams* v. *Slate* (1882), 87 Ind. 573; *Stumph* v. *Miller* (1895), 142 Ind. 442, 41 N. E. 812. An application of this doctrine is subject to certain limitations, as indicated by this court in its opinion in the case of *Cleveland, etc., R. Co.* v. *Starks* (1914), 58 Ind. App. 341, 106 N. E. 646, but there is no reason why it should not be applied under the admitted facts of this case. We therefore hold that the court was fully justified in presuming that the relator continued to be the guardian of the said Edmond Lee Anderson, after his admitted appointment and qualification as such, un-

til the trial of this action. This presumption supplies any omission of proof as to such continuance, and renders appellants' contention in that regard unavailing.

3. In regard to appellee's failure to prove a demand before instituting this action, we fail to find the existence of any relationship between the parties, with reference to the money in question, that made a demand necessary. There is ample evidence in the record to warrant a finding that appellant Anderson, secured, or at least accepted an appointment as guardian, with full knowledge that a prior guardianship for such minor, under a valid appointment by the Martin Circuit Court, was in existence. This being true, he was bound to know that his appointment by the Orange Circuit Court was without authority, and that his act in receiving the money in question thereunder was wrongful. Under these circumstances no demand was necessary.

The only remaining question presented for our determination is based on a contention that the appointment of appellant Anderson, as guardian of said minor, by the Orange Circuit Court was a judicial act, which could not be collaterally attacked. We cannot concur in this contention. The authorities are practically unanimous in holding, that if at the time letters of administration are granted in an estate, other letters are in existence which were previously granted therein, that the second grant of such letters is void. The theory on which the decisions so holding are based is that there cannot be two valid grants of administration on the same estate existing at the same time; that when one grant for such purpose is made it exhausts the whole subject, and leaves nothing of like kind to be done, until the authority conferred has been revoked, or otherwise terminated. *In re Bowman's Estate* (1897), 121 N. C. 373, 28 S. E. 404; *Hutton* v. *Por-*

rovecchio (1914), 188 Ill. App. 81; Matthews, Admr.,
v. Douthitt (1855), 27 Ala. 273, 62 Am. Dec. 765; Fisk
v. Norvel (1852), 9 Tex. 13, 58 Am. Dec. 128; Barboza
v. Pacific, etc., Co. (1912), 162 Cal. 36; In re Griffith
(1890), 84 Cal. 107, 23 Pac. 528; Watkins v. Adams et
ux. (1856), 32 Miss. 333; Quidort's Admr., v. Pergeaux
(1867), 18 N. J. Eq. 472. It is also held that such sec-
ond grant of letters of administration is subject to col-
lateral attack. Milbra v. Sloss-Sheffield, etc., Co.
(1913), (Miss.) 62 South. 176, 46 L. R. A. (N. S.) 274;
Epping, etc., Co. v. Robinson (1884), 21 Fla. 36; Liver-
more v. Ayres (1911), 86 Kan. 50, 119 Pac. 549; Ewing
v. Mallison (1902), 65 Kan. 484, 93 Am. St. 299;
Taylor v. Hosick (1874), 13 Kan. 518; Hicky v. Stall-
worth, Admr. (1904), 143 Ala. 535, 39 South. 267, 111
Am. St. 57, 5 Ann. Cas. 496; Gray's Admrs., v. Cruise
(1860), 36 Ala. 559. The principle underlying the rule
stated, with reference to the granting of letters of ad-
ministration in estates, is applicable in the appointment
of guardians for minors, and should be given effect.
The Supreme Court of this state has so recognized by
holding, that there cannot be two guardianships of the
same person and property in this state at the same time.
Soules v. Robinson (1902), 158 Ind. 97, 62 N. E. 999,
92 Am. St. 301. This is in accord with the statute re-
lating to the appointment of guardians for minors,
wherein it is provided that: "In case of conflict be-
tween two appointments in different counties, the one
first made shall exclude all others and extend to all the
property of the ward within the state." §3056 Burns
1914, §2512 R. S. 1881. It follows that both upon prin-
ciple and by statute in this state, the appointment of
appellant Anderson, by the Orange Circuit Court gave
him no authority over either the person or property of
said minor, and does not constitute a bar to appellee's
right of recovery in this action.

No question is preseented as to the admissibility of the certified copy of the appointment of George J. Anderson, as guardian of said minor, by the Orange Circuit Court, as appellants have not set out in their brief what objections, if any, were made in the trial court to the admission of such evidence, or that any exception was taken to the action of the court in ruling thereon. *Chaney, Admr.,* v. *Wood* (1917), 63 Ind. App. 687, 115 N. E. 333. We find no reversible error in the record.

Judgment affirmed.