BEN A. STIMSON ET AL. v. A. J. PHIFER.

(Filed 13 April, 1938.)

**Executors and Administrators § 13a—**

> A creditor of an heir, certainly in the absence of evidence of fraud and collusion, is not entitled to prevent the executor from selling lands of the estate to make assets to pay debts.

APPEAL by defendant from *Rousseau, J.,* at November Term, 1937, of IREDELL.

Proceeding against land of decedent for assets.

The executor and trustee of the estate of W. J. Stimson, deceased, brings this proceeding, by petition duly filed before the clerk of the Superior Court of Iredell County, for license to sell land of decedent in order to make assets to pay debts and costs of administration.

The defendant is made a party because he is a judgment creditor of the petitioner, individually, who is one of the devisees under the will of the deceased.

From judgment ordering land to be sold the defendant appeals, assign-ing errors.

*Scott & Collier and Land & Sowers for plaintiffs, appellees.*
*Lewis & Lewis for defendant, appellant.*

STACY, C. J. Whether judgment creditor of heir or devisee is neces-sary or proper party to proceeding against decedent's land for assets is

not before us for decision. See *Linker v. Linker, ante,* 351; *Battle v. Duncan,* 90 N. C., 546; *Byrd v. Byrd,* 117 N. C., 523, 23 S. E., 324. Conceding that, upon proper allegations, such judgment creditor is presently entitled to be heard, *Wadford v. Davis,* 192 N. C., 484, 135 S. E., 353, nevertheless it appears that here he has offered no evidence to support his allegations of fraud or collusion, and his exceptive assignments of error point only to matters available to a coheir or codevisee. *Finger v. Finger,* 64 N. C., 183.

The record as presented requires no disturbance of the judgment.

No error.