JACK EDWARDS, ADMINISTRATOR C. T. A. AND D. B. N. OF IRA J. FRIZZELLE, DECEASED, v. R. H. McLAWHORN.

(Filed 27 November, 1940.)

1. **Executors and Administrators § 2c—Clerk is without jurisdiction to appoint administrator c. t. a., d. b. n., until vacancy has occurred by death, resignation, removal, or discharge of executor.**

   Since a person to whom letters testamentary have been issued has authority to represent the estate until his death, resignation or until he has been removed or the letters testamentary revoked in accordance with statutory procedure, the appointment by the clerk of an administrator *c. t. a., d. b. n.,* upon petition of the residuary legatee alleging failure of the executor to account to the estate for rents and profits, is void, the clerk being without jurisdiction to make the appointment.

2. **Same—**

   The filing of a "final report" by an executor does not have the effect of removing him from office if in fact the estate has not been fully settled, and therefore the filing of the report does not create a vacancy and does not give the clerk authority to appoint an administrator *c. t. a., d. b. n.*

**3. Executors and Administrators § 4—**

The procedure to remove an executor or administrator for default or misconduct is by order issued by the clerk to the executor or administrator to show cause, and in such proceeding the respondent must be given notice and an opportunity to be heard, with right of appeal. C. S., 31.

**4. Executors and Administrators § 2c—Appointment of administrator c. t. a., d. b. n., before termination of executor's authority to represent estate is void and may be collaterally attacked.**

This action was instituted by plaintiff as administrator c. t. a., d. b. n., against the executor for alleged failure of the executor to account to the estate for rents and profits. It appeared that plaintiff's appointment was made before the executor was removed and prior to the termination of the executor's power to represent the estate. *Held:* The clerk was without jurisdiction to appoint plaintiff, and the appointment was void and is subject to collateral attack, and therefore plaintiff's action could have been dismissed by the court *ex mero motu* and the dismissal of the action upon motion of defendant is without error.

**5. Courts § 1d—**

Whenever the court perceives that it is without jurisdiction in the cause it may dismiss the action *ex mero motu* and therefore, *ex necessitate,* may dismiss same upon motion of defendant.

APPEAL by defendant from *Bone, J.,* at May Term, 1940, of PITT.

Civil action for recovery for rents and profits allegedly had and received for use and benefit of the estate of Ira J. Frizzelle, deceased.

When the action came on for hearing in the trial court and after the reading of the pleadings, "the defendant moved to dismiss the action upon the ground that the appointment of Jack Edwards as administrator c. t. a. and d. b. n. of Ira J. Frizzelle, deceased, is void, and offered in support of said motion the record."

Pertinent facts appearing of record sufficient for consideration of the question raised are substantially these: Ira J. Frizzelle, of Pitt County, died in 1929, leaving a last will and testament in which he named Herman McLawhorn, who is the defendant herein, R. H. McLawhorn, as executor. The will was duly probated. Herman McLawhorn qualified as executor and letters testamentary were issued to him on 2 March, 1929, and he entered upon the duties of executor, and on 25 October, 1932, filed in the office of clerk of Superior Court of Pitt County what is denominated "Final Report," in which the last item appearing is the "Amount in First National Bank of Ayden, 428.38." The report is sworn to and appears of record in the "Book of Settlements," but, in connection therewith, there is no order of the clerk.

Under the will of Ira J. Frizzelle, his land in Pitt County "known as the Tuten Place" is devised to Herman McLawhorn, in trust for purposes therein set forth.

In July, 1938, Nannie I. Frizzelle, who is described as the only next of kin of the said Ira J. Frizzelle and residuary legatee in his will, filed in Superior Court of Pitt County, before the clerk, a petition in which she alleged in brief the foregoing facts, and further:

"5. That as your petitioner is advised and believes, there is still due and owing the estate of the said Ira J. Frizzelle, which should be recovered for the use and benefit of the residuary legatee, a considerable amount of rents and profits accruing from the Tuten farm from 1931 up to and including the year 1937, and which were wrongfully converted by R. H. McLawhorn, the former executor and trustee as aforesaid, during his possession and retention of the farm;

"6. That in order to properly administer said estate, and to collect the aforesaid assets due and owing said estate, it is necessary for an administrator c. t. a. and d. b. n. to be appointed to the end that the estate of the said Ira J. Frizzelle may be properly administered."

Further, the petitioner "recommends that Jack Edwards be appointed administrator c. t. a. and d. b. n. with all the power and authority vested by law in such administrator in such case." Thereafter, on 4 October, 1938, upon application of Jack Edwards, the clerk of Superior Court of Pitt County "ordered and adjudged that Jack Edwards, c. t. a., be appointed administrator of the estate of Ira J. Frizzelle, deceased, upon entering into bond in the sum of $1,000.00 . . ." Upon Jack Edwards taking the oath of administrator the clerk issued to him letters of administration, "c. t. a., d. b. n., of the estate of said deceased."

Thereupon, on 4 October, 1938, Jack Edwards, as administrator c. t. a. and d. b. n. of Ira J. Frizzelle, deceased, instituted this action against Herman McLawhorn, as R. H. McLawhorn, for the purposes set forth in the petition of Nannie I. Frizzelle as above stated. In the complaint filed he alleges, among other things: "1. That the plaintiff . . . is the duly qualified and acting administrator c. t. a. and d. b. n. of the late Ira J. Frizzelle, who died domiciled in Pitt County on the....... day of ................... , 1929." The defendant, in answer thereto, avers: "That paragraph 1 of the complaint is denied, except in so far as it conforms to the record."

The court below denied the motion, and defendant excepted. Then, after disposing of other questions, and during the progress of the trial, the court being of opinion that the action involves a detailed accounting and is a case for reference, "ordered, adjudged and decreed: 1st. That the defendant's motion to dismiss the action on the ground that the appointment and qualification of the plaintiff as administrator is void, be and the same is hereby denied"; and after ruling upon other matters, ordered a reference.

18—218

Defendant appeals therefrom to the Supreme Court and assigns error.

*Albion Dunn for plaintiff, appellee.*
*J. B. James and J. A. Jones for defendant, appellant.*

WINBORNE, J. These questions are determinative of this appeal: (1) Has the clerk of the Superior Court jurisdiction to appoint an administrator *c. t. a., d. b. n.*, of an estate, before the executor, who has qualified upon the same estate and entered upon the duties of his office, shall have been removed by order of the clerk, or before letters testamentary issued to him shall have been revoked by order of the clerk? (2) If not, does the filing by the executor of a final report of the administration of the estate have the effect of removing him from office, if in fact the estate has not been fully settled? (3) If not, when, in the trial of an action instituted by a party, as administrator *c. t. a., d. b. n.*, who has been appointed as such before there is an order removing the executor, it is made to so appear to the court, should the court *ex mero motu*, or upon motion of the defendant, dismiss the action without proceeding further with the trial? The first and second questions are properly answered in the negative, and the third in the affirmative.

In this State it is provided by statute that the clerk of the Superior Courts of each county has jurisdiction within his county to take proofs of wills and to grant letters testamentary, letters of administration with will annexed and letters of administration in cases of intestacy, C. S., 1 and 938; to revoke letters testamentary and of administration, C. S., 30, 31, 32, 42, 44, and 938, for reasons therein specified, and of application to remove an executor or administrator in a proper case. *Edwards v. Cobb*, 95 N. C., 5.

The general rule is that, after an executor or administrator is appointed and qualified as such, his authority to represent the estate continues until the estate is fully settled, unless terminated by his death, or resignation, or by his removal in some mode prescribed by statute, or unless the letters be revoked in a manner provided by law.

It is also an established principle of law that to warrant the appointment of an administrator *de bonis non*, or *de bonis non, cum testamento annexo*, the office of administrator or executor must be vacant. Vacancy is a jurisdictional fact, and an appointment of either an administrator *de bonis non*, or an administrator *de bonis non, cum testamento annexo*, when there is no such vacancy is absolutely void, and may be so declared, even in a collateral proceeding. 21 Am. Jur., 813, Executors and Administrators, sec. 774; *Griffith v. Frazier*, 8 Cranch (U. S.), 5, 3 L. Ed., 471; *Kane v. Paul*, 14 Pet. (U. S.), 33, 10 L. Ed., 341; *Hyman v. Gas-*

*kins,* 27 N. C., 267; *Springs v. Irwin,* 28 N. C., 27; *In re Bowman,* 121 N. C., 373, 28 S. E., 404.

In the *Bowman case, supra,* the holdings of this Court is thus epitomized in the headnote: "Where letters of administration are issued to one person, who qualifies, the power of the clerk in that respect and as to that estate are exhausted, and the subsequent appointment of another person as administrator, before the first appointment is revoked, is void." In the opinion it is said that the clerk "had no power to grant letters upon the estate to any other person under any conditions while the letters issued to Whitaker were unrevoked," citing *Hyman v. Gaskins, supra.* To like effect is *Springs v. Irwin, supra.*

In this State it is provided by statute, C. S., 31, that "If, after any letters have been issued, it appears to the clerk, or if complaint is made to him on affidavit  .  .  .  that any person to whom they were issued .  .  .  has been guilty of default or misconduct in the due execution of his office  .  .  .  the clerk shall issue an order requiring such person to show cause why the letters should not be revoked. On the return of such order, duly executed, if the objections are found valid, the letters issued to such person must be revoked and superseded, and his authority shall thereupon cease."

The practice in such cases is well stated in *Edwards v. Cobb, supra.* There the Court said that in this and similar cases the proceeding is begun by an order made by the clerk to show cause, notice of which must be served on the party charged or proceeded against, who shall have the right to plead thereto, and, from adverse ruling of the clerk, to appeal to the Superior Court, and then to this Court. See, also, *In re Battle,* 158 N. C., 388, 74 S. E., 23; *In re Gulley,* 186 N. C., 78, 118 S. E., 839.

By the weight of authority the removal or discharge of an executor or administrator is not effected by the approval of his final account without a formal order of discharge. Annotations 8 A. L. R., 175, at p. 185. Indeed, in *Best v. Best,* 161 N. C., 513, 77 S. E., 762, this Court, speaking through *Hoke, J.,* said that neither the power nor the duties of the administrator there had necessarily ceased because a final settlement had been formally made.

In *Johnston v. Schwenck,* Ohio St., 124 N. E., 61, 8 A. L. R., 170, *Nichols, C. J.,* speaking for the Court, said: "It is the universal holding that the authority of an executor or administrator to represent the estate continues until the estate is fully settled, unless he is removed, dies, or resigns, and that the filing of what purports to be a final account does not extinguish the trust. Indeed, in the case of *Weyer v. Watt,* 48 Ohio St., 545, 28 N. E., 670, it was held that an order by the court, directing that the administrator be discharged, made at the time of the filing of a

final account, does not terminate his authority if assets of the estate remain unadministered."

Applying these principles to the factual situation of the case in hand, when the clerk of the Superior Court of Pitt County granted letters testamentary to Herman McLawhorn under the will of Ira J. Frizzelle, deceased, his authority was exhausted, and he had no jurisdiction to issue letters of administration *c. t. a., d. b. n.,* to Jack Edwards or to any other person until a vacancy had occurred by the death or resignation of McLawhorn or until he had been removed for cause by order after notice. Hence, the appointment of Jack Edwards as administrator *c. t. a., d. b. n.,* of Ira J. Frizzelle, deceased, is absolutely void.

We now come to the third question.

Objection to the jurisdiction of a court over the subject matter of an act is fundamental and may be made at any time during the progress of the action. *Henderson County v. Smyth,* 216 N. C., 421, 5 S. E. (2d), 136, and cases cited.

In *Burroughs v. McNeill,* 22 N. C., 297, it is stated: "The instant that the court perceives that it is exercising, or is about to exercise, a forbidden or ungranted power, it ought to stay its action, and, if it does not, such action is, in law, a nullity."

To like effect in *Branch v. Houston,* 44 N. C., 85, *Pearson, J.,* said: "If there be a defect, *e.g.,* a total want of jurisdiction apparent upon the fact of the proceedings, the court will of its own motion 'stay, quash, or dismiss' the suit. This is necessary to prevent the court from being forced into an act of usurpation, and compelled to give a void judgment . . . So, *ex necessitate,* the Court may, on plea, suggestion, motion, or *ex mero motu,* where the defect of jurisdiction is apparent, stop the proceeding. Tidd 516-960."

It is appropriate to say that whether Herman McLawhorn as executor of Ira J. Frizzelle, deceased, has or has not fulfilled the duties of office is not before us. This is a question to be addressed to the clerk of Superior Court if, and when, application may be made for the removal of said executor. But, until there has been a removal in accordance with law, "the law could not tolerate such a condition of things as would ensue if the clerk could appoint subsequent administrators, leaving the letters of former ones unrevoked." *In re Bowman, supra.*

For causes stated, the judgment below is

Reversed.