**Bernard BANE, Plaintiff,**

v.

**John R. SPENCER, Samuel Blacher, Oscar Jacobson Raeder, and Hazel C. Kanz-Powers, Defendants.**

**Bernard BANE, Plaintiff,**

v.

**Harry C. SOLOMON, Defendant.**

**Civ. A. Nos. 65–627–M, 65–704–M.**

United States District Court
D. Massachusetts.

Sept. 8, 1967.

Bernard Bane, pro se.

Edward J. Boyle, Gerard A. Powers, City of Boston Law Department, Boston Mass., for defendant Spencer.

Edward J. Barshak, Boston, Mass., for defendant Blacher.

Robert G. Conley, Boston, Mass., for defendant Raeder.

Morris Sokolove, Boston, Mass., Edward J. Boyle, City of Boston Law Department, Boston Mass., for defendant Kanz-Powers.

Willie J. Davis, Asst. Atty. Gen., Commonwealth of Mass., Boston, Mass., for defendant Solomon.

## MEMORANDUM

MURRAY, District Judge.

These two cases involving the same plaintiff came on to be heard on defendants' motions [1] which were argued by counsel for defendants and the plaintiff himself.

The defendants are a policeman (Spencer), three doctors (Blacher, Kanz-Powers and Raeder), and the Commissioner of the Department of Mental Health of the Commonwealth (Solomon), who plaintiff claims were involved in events leading to plaintiff's commitment to Boston State Hospital for ten days and, thereafter, to Danvers State Hospital for about a month. Plaintiff, invoking the jurisdiction conferred by 28 U.S.C. § 1343, charges the defendants in these actions with depriving him of rights, privileges and immunities secured by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983, and, in Civil Action No. 65–704–M, with conspiracy to deprive him of the equal protection of the laws in violation of 42 U.S.C. § 1985. Since both cases rest upon the same facts and were argued together by the parties, they will be decided together in this memorandum.

At the hearing plaintiff contended that the motions for summary judgment should not be considered at this stage for the reason that he has been unable to file counter-affidavits because the court impounded the hospital records of his commitments to the state hospitals.[2] He admitted he has no facts he could present by affidavit in opposition to the motions. But these records, he asserted, "possess information that could be vital and pertinent to my defense" in the cases at bar. It is necessary to deal with plaintiff's contention before proceeding to treat these motions on the merits. Accordingly, following the hearing, the court examined all the documents that had been impounded [3] and finds that

---

1. In Civil Action No. 65–627–M are the following motions:

    (1) Defendant Spencer's motion for summary judgment.

    (2) Defendant Blacher's motion for summary judgment.

    (3) Defendant Kanz-Powers' motion for summary judgment.

    (4) Defendant Raeder's motion to dismiss or for summary judgment.

    In Civil Action No. 65–704–M is defendant Solomon's motion to dismiss or for summary judgment.

2. These records were impounded by the court, on motion of the defendant Solomon, pursuant to the policy expressed in the Massachusetts General Laws, Chapter 111, Section 70, which provides that such records may be examined by the patient only upon court order. Plaintiff later moved to be permitted to ex-

amine the impounded records. Before acting on the motion, the court ordered the parties to submit "their suggestions as to the time and place of * * * an examination [of the plaintiff] and the identity of the person to perform the examination." No doctor was selected and as a result no examination to determine plaintiff's mental condition has occurred under order of the court. In view of the disposition of the motions in these cases, what effect his seeing the records may have on the plaintiff is now a moot question.

3. Through oversight, two documents, viz., the Solomon affidavit and the formal application to the court for plaintiff's commitment, were impounded along with the hospital records. Since these two documents are not covered by the Massachusetts statute, there is no reason why

nothing contained therein contradicts the material facts relied on in this memorandum nor does it appear that the information in the records *would lead* to any such contradiction.

■ From the pleadings and affidavits on file these facts emerge undisputed: On October 9, 1963, Spencer, in a patrol car with another officer, received a call to go to 1160 Commonwealth Avenue to meet a person who was then awaiting him. There he met plaintiff's brother, George Bane, and together they went to plaintiff's apartment. George persuaded plaintiff to let them enter. George, who had told Spencer he was worried about his brother's erratic behavior and suicidal intimations, tried to persuade plaintiff to see a psychiatrist. After some conversation, plaintiff agreed to accompany his brother to the police station to see a doctor there. In response to a telephone call from the police, Blacher, a doctor in private practice who had never met or heard of plaintiff, came to the police station. Relying upon information given him by George Bane and Spencer, and after observing plaintiff, Blacher came to the conclusion that plaintiff was in immediate need of further observation, care and treatment because of his mental condition. Accordingly, as a physician qualified under the statute to take such action, he prepared in writing a request to the superintendent of the Boston State Hospital on a form customarily used for such request, for the admission of plaintiff under the provisions of Massachusetts General Laws, Chapter 123, Section 79. (A copy of the request is appended to the affidavit of defendant Kanz-Powers.) Thereupon, plaintiff, accompanied by his brother, was then taken to Boston State Hospital by Spencer.

At Boston State Hospital plaintiff was examined on two occasions [4] by Kanz-Powers and Raeder, both of whom are doctors in private practice qualified to make the examination and certificate under Chapter 123 as to plaintiff's mental condition, and are not employees of the Commonwealth. On both occasions the doctors concurred in the diagnosis of plaintiff's ailment as a paranoid condition. On October 17 the two doctors appeared before a Judge of Probate for the County of Suffolk in the Commonwealth, testified as to their examination of plaintiff and their conclusions as to his mental condition, and subscribed to a certificate stating that they held no "office or appointment, other than that of consulting or advisory physician, in or connected with the hospital for the mentally ill to which" plaintiff was to be committed, and that in their opinion plaintiff was in "such mental condition that his commitment to a hospital for the mentally ill is necessary for his proper care or observation, pending the determination of his mental condition, under the provisions of section 77 of chapter 123, General Laws, as amended." (Affidavit of Kanz-Powers.) After appearance of Kanz-Powers and Raeder before him, the Judge of Probate on the same day ordered plaintiff committed to Danvers State Hospital pursuant to said Chapter 123, Section 77. (Affidavit of Kanz-Powers.)

Admittedly, the defendant Solomon was the Commissioner of Mental Health of the Commonwealth, and as such, he was charged with the duty of administering the laws relative to persons in the two hospitals referred to, and of providing for the humane management of said hospitals,[5] but for all that appears in this case his only connection with these events was that he happened merely to be Commissioner at the time.

I rule that there is no genuine issue as to any material fact and that defendants are entitled to judgment as a matter of law. Joyce v. Ferrazzi, 323 F.2d 931 (1st Cir. 1963).

---

plaintiff should not see them, and an order permitting him to examine them was entered on September 1, 1967. For purposes of these cases, however, the information contained therein would not avail plaintiff.

4. The first examination was held on either October 10 or 11. The second was held on October 15.

5. Massachusetts General Laws, Chapter 123, Sections 4, 7.