**Bernard BANE, Plaintiff, Appellant,**

v.

**John R. SPENCER et al., Defendants, Appellees.**

**No. 7022.**

United States Court of Appeals First Circuit.

Heard March 6, 1968.

Decided April 12, 1968.

Bernard Bane, pro se.

Willie J. Davis, Asst. Atty. Gen., with whom Elliot L. Richardson, Atty. Gen., was on brief, for Harry C. Solomon, appellee.

Robert G. Conley, Boston, Mass., with whom Jacob J. Locke and Ficksman & Conley, Boston, Mass., were on brief, for Oscar Jacobson Raeder, appellee.

Edward J. Barshak, Boston, Mass., with whom Bertram A. Sugarman and Sugarman, Alberts, Rogers & Barshak, Boston, Mass., were on brief, for Samuel Blacher, appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

These are two actions by a single plaintiff, Bane, asserting claims under the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985, arising out of his confinement in October and November 1963 for psychiatric examination pursuant to Mass. Gen. Laws c. 123 §§ 77 and 79. The defendants in one case are the police officer who initially took plaintiff to the police station and the certifying doctors, and in the other the state Commissioner of Mental Health. The cases, which have been consolidated on appeal, followed a parallel course in the district court.

Defendants first filed motions to dismiss, relying on our case of Joyce v. Ferrazzi, 1 Cir., 1963, 323 F.2d 931. The court did not pass on these motions, nor will we, except to remark that in the light of subsequent Supreme Court decisions, see United States v. Price, 1966, 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267; but cf. Pierson v. Ray, 1967, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288, some of our then generalizations concerning the liability of private persons may have been overly broad. Instead, the court suggested that defendants file motions for summary judgment with accompanying affidavits, which they did. After hearing, the court granted the motions, D.C., 273 F.Supp. 820.

For the moment we will consider only the action against Dr. Solomon, the Commissioner of Mental Health. This defendant, in spite of a 20-day order, did not answer plaintiff's interrogatories. He relies on his affidavit in support of his motion for summary judgment in which he incorporated medical records. These he successfully moved to impound and keep from the plaintiff's inspection, pursuant to Mass.Gen.Laws c. 111, § 70. The plaintiff has not seen these records. Even if we assume that he is not entitled to do so, see Bane v. Superintendent of Boston State Hospital, 1966, 350 Mass. 637, 216 N.E.2d 111, cert. denied 385 U.S. 842, 87 S.Ct. 96, 17 L.Ed.2d 75, he is entitled to file a counteraffidavit under Rule 56(f), for which purpose he must know what defendant is asserting.

The district court, after personally examining the medical records, did not pass on plaintiff's motion to release them, but in granting summary judgment stated that there was nothing in them of aid to the plaintiff. Assuming the district court to be correct, the defendant should not be able to use the records as a sword to seek summary judgment and at the same time blind plaintiff so that he cannot counter. Defendant's affidavit must contain on its face, for plaintiff to see, whatever defendant wishes to rely upon to seek summary judgment. On its face the present affidavit does not deny many of the allegations of the complaint. Furthermore, it should be fundamental that a defendant who has failed to answer relevant and timely interrogatories is, at least normally, in no position to obtain summary judgment. See Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 1942, 130 F.2d 1016, 1022. This is not a case where the interrogatories were not addressed to the issue on which summary judgment was sought.

**110**

The judgment for the defendant Solomon is vacated, and this action is remanded to the district court for further proceedings consistent herewith. We will suspend consideration of the other case until those proceedings have been accomplished and we are notified of the consequences.