CLYDE JOYNER, JR. v. WILSON MEMORIAL HOSPITAL, INC., AND MARGARET A. GOODWIN, EXECUTRIX OF THE ESTATE OF CLEON W. GOODWIN

No. 787SC48

(Filed 21 November 1978)

1. **Executors and Administrators § 36— final account filed by executrix—no discharge orders—service of process on executrix proper**

    In an action by plaintiff against the executrix of the estate of a doctor who allegedly negligently failed to provide proper treatment for plaintiff, the trial court erred in dismissing the complaint as to the executrix on the basis of improper service of process since the executrix, who had filed her final account but for whom no formal orders of discharge had been entered, was still empowered to act as executrix on the day the summons and complaint were served.

2. **Rules of Civil Procedure §§ 33, 56— interrogatories unanswered—summary judgment improper**

    In an action by plaintiff against a hospital and a doctor's executrix for allegedly negligent failure to provide proper treatment for plaintiff, the trial court erred in granting summary judgment for defendant hospital before the hospital answered plaintiff's interrogatories which attempted to discover the facts relating to who treated plaintiff and the relationship between the doctor and the hospital.

APPEAL by plaintiff from *Martin (Perry), Judge*. Judgment entered 14 September 1977 in Superior Court, WILSON County. Heard in the Court of Appeals 18 October 1978.

On 3 November 1973, plaintiff was injured in an automobile accident and was admitted into the emergency room at Wilson Memorial Hospital, Inc., where he was treated by Dr. Cleon Goodwin. On 24 November, Dr. Goodwin died and Margaret A. Goodwin was appointed as executrix of his estate. The executrix filed her final account on 19 January 1976.

On 3 November 1976, plaintiff filed this action against the hospital and the executrix of Dr. Goodwin's estate. Plaintiff alleged that the defendants negligently failed to provide proper treatment in that they failed to provide debridement and surgery for plaintiff's compound fracture, and negligently failed to refer the plaintiff to an orthopedic specialist.

On 4 November 1976, plaintiff obtained an order from the Clerk of Superior Court of Wilson County, reopening the estate of the defendant, Dr. Goodwin. The order was vacated on 30 August 1977.

The executrix filed an answer denying negligence and alleging that she had been discharged as executrix because she had already filed the final account, and was therefore not subject to service of process. In addition, she alleged that the plaintiff had failed to file a notice of claim against the estate pursuant to G.S. 28A-19-3 within six months after she had published a notice to creditors of the estate. On 16 August 1977, the executrix filed a notice pursuant to Rule 12(d) of motion to dismiss the complaint for improper service of process. The hospital also filed an answer denying negligence and on 8 December 1976, defendant hospital moved for summary judgment. The hospital supported the motion with an affidavit by hospital administrator McGoogan. The affidavit tended to show that on 3 November 1973, Dr. Goodwin had staff privileges at the defendant hospital which entitled him to utilize the hospital facilities, but that he was not an employee or agent of the hospital, even though he and other physicians shared emergency room duty.

On 6 September 1977, plaintiff filed an affidavit in opposition to defendants' motion for summary judgment. Plaintiff stated that

he was incapacitated when he was admitted to the emergency room, that the following day his face had not been washed nor his clothes removed. He also stated that he had not been fed or cared for by the hospital staff, and that the nurses refused to give him any pain medication.

On 6 September 1977, plaintiff filed interrogatories with the defendants. On 13 September 1977, a hearing was held on the defendant hospital's motion for summary judgment and the executrix's motion to dismiss pursuant to Rule 12(b)(1), (2), (4), and (5). The judge granted both motions.

*Farris, Thomas & Farris by Thomas J. Farris for plaintiff appellant.*

*Smith, Anderson, Blount & Mitchell by C. Ernest Simons, Jr. for defendant appellee, Wilson Memorial Hospital, Inc.*

*Lucas, Rand, Rose, Meyer, Jones & Orcutt, by Z. Hardy Rose for defendant appellee, Margaret A. Goodwin.*

*Amicus Curiae brief submitted by Harris & Bumgardner by Tim L. Harris, of counsel; North Carolina Academy of Trial Lawyers.*

*Amicus Curiae brief submitted by Harris, Poe, Cheshire & Leager by W. C. Harris, Jr. for the North Carolina Hospital Association.*

CLARK, Judge.

[1]   Plaintiff first contends that the court erred in dismissing the complaint as to the Executrix Margaret A. Goodwin on the basis of improper service of process. We agree. Under North Carolina law, the filing of a final account does not discharge an executor or administrator. "The general rule is that, after an executor or administrator is appointed and qualified as such, his authority to represent the estate continues until the estate is fully settled . . . or unless the letters be revoked in a manner provided by law." *Edwards v. McLawhorn*, 218 N.C. 543, 546, 11 S.E. 2d 562, 564 (1940). "By the weight of authority the removal or discharge of an executor or administrator is not effected by the approval of his final account without a formal order of discharge." *Edwards, supra*, 218 N.C. at 547, 11 S.E. 2d at 565. *Best v. Best*, 161 N.C.

513, 77 S.E. 762 (1913). Annot., 8 A.L.R. 175 at 185 (1920). Although the executrix, Margaret A. Goodwin, had filed her final account, there were no formal orders of discharge entered by the clerk of court. Therefore, Margaret A. Goodwin was still empowered to act as executrix on the day the summons and complaint were served.

We find that the service of process was proper; the court's order dismissing the plaintiff's cause of action against the defendant executrix is reversed.

[2] Plaintiff's second contention is that the court erred in granting defendant hospital's motion for summary judgment when the defendant had not yet answered the plaintiff's interrogatories and not filed any objection to the questions in the interrogatories. "[A]lthough unanswered interrogatories will not, in every case, bar the trial court from acting on a motion for summary judgment . . . doing so prior to the filing of objections or answer to the interrogatories in the present case was improper." *Lee v. Shor*, 10 N.C. App. 231 at 236, 178 S.E. 2d 101 at 105 (1970). *See also, Bane v. Spencer*, 393 F. 2d 108 (1st Cir. 1968), *cert. denied* 400 U.S. 866, 27 L.Ed. 2d 105, 91 S.Ct. 108 (1970); Wright & Miller, Federal Practice and Procedure, § 2741 at 731 (1973). It is axiomatic that should a genuine issue of material fact exist in a dispute, the case cannot be ripe for disposition via summary judgment. "[I]t should be fundamental that a defendant who has failed to answer relevant and timely interrogatories is, at least normally, in no position to obtain summary judgment.", *Bane v. Spencer, supra*, at 109, especially where all the facts are within the defendant's control. Wright & Miller, *supra, Quaker Chair Corp. v. Litton Business Systems, Inc.*, 71 F.R.D. 527 (S.D. N.Y. 1976).

In the case *sub judice*, the information relating to which persons treated the plaintiff, the working relationship between Dr. Goodwin and defendant hospital, and what treatment, if any, was provided, is solely within the control of the hospital. This is especially true since Dr. Goodwin is now unavailable to testify as to his working relationship with the hospital. The interrogatories probed into all of these issues. Ordinarily, discovery is required prior to granting summary judgment so that a party can explore issues of malpractice. *See, Hoover v. Gaston Memorial Hospital, Inc.*, 11 N.C. App. 119, 180 S.E. 2d 479 (1971). It is equally impor-

tant to probe the relationship between the parties defendant if the theory of *respondeat superior* may apply, since issues of agency and control are questions of fact and the information is peculiarly within the defendant's knowledge. *Costlow v. United States*, 552 F. 2d 560 (3d Cir. 1977).

Although defendants contend that plaintiff had sufficient time to utilize discovery and failed to do so, we find that the plaintiff was not precluded from utilizing discovery at the time the interrogatories were served. Since plaintiff has not had his interrogatories answered, which interrogatories attempt to discover the facts relating to who treated the plaintiff and the relationship between the defendant-physician and the hospital, it is clear that the court's granting of defendants' motion for summary judgment was premature. We do not say that after discovery is complete that summary judgment is precluded.

Reversed and remanded.

Judges ARNOLD and ERWIN concur.