### IN RE MARTHA SAVILLE.

#### (Filed 4 October, 1911.)

**Executors and Administrators—Clerk's Appointment—Next of Kin Illiterate—Discretion of Clerk.**

> Two brothers and two sisters, as next of kin of deceased, filed their renunciation of administration on the estate with the clerk of the court, the elder brother requesting the appointment of a certain designated ᐧ person as administrator and the younger brother requesting only that an administrator be appointed, without designating any particular person.  The clerk appointed the person designated by the elder brother, and the younger brother applied subsequently for his removal, without designating any grounds therefor otherwise than may appear under the above stated facts: *Held*, (1) there was no legal ground shown for the removal of the administrator thus appointed; (2) if no renunciation or recommendation had been made, it was within the discretion of the clerk to appoint any one of the next of kin; (3) as none of the next of kin in this case could read or write, it would have been proper for the clerk to refuse to appoint either one of them.

APPEAL by Weldon Bridgers from *Cooke, J.,* at August Term, 1911, of FRANKLIN.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*B. T. Holden for appellee.*
*N. Y. Gulley for appellant.*

CLARK, C. J.   Martha Saville died intestate 11 July, 1911, leaving her surviving two brothers and two sisters, as her next of kin.   On 18 July, 1911, the younger brother applied in writing to the clerk to appoint some one administrator.   On the next day the elder brother filed his renunciation with the

*In re* SAVILLE.

clerk and asked that W. H. Hudson be appointed administrator, which was done. On 26 July the younger brother asked that Hudson be removed on the ground that his appointment was illegal. Hudson was cited to appear before the clerk on 11 August, 1911, to answer the motion for removal. On 2 August the younger brother and the two sisters had filed their renunciation and asked that one Perry be appointed administrator. At the hearing no evidence was offered to show why Hudson should be removed, the motion being entirely based upon the above facts.

Revisal, 3 (2), provides that when there is no husband or widow the clerk shall appoint the next of kin according to their degree, and, if of equal degree, shall appoint one or more of them, at his discretion. It was competent, therefore, for the clerk to have appointed the elder brother. All four of the brothers and sisters having renounced, it was equally in the discretion of the clerk to appoint the person recommended by the elder brother instead of the nominee of the others. Certainly, the younger brother and the two sisters, having renounced, could not demand the removal of the administrator who had been appointed by the clerk at a time when Hudson was the only person recommended and when the younger brother had asked the appointment of an administrator without naming any one. There being no cause shown for the removal of Hudson, the clerk was within his powers in refusing to do so.

Even if Hudson had been set aside and the appointment had come up *de novo,* Hudson being recommended by one of the next of kin was fully as eligible as Perry, who had been recommended by the others. Upon such state of facts it would be in the discretion of the clerk to choose between them.

All four of the next of kin renounced. But if they had not done so, it would have been proper for the clerk to refuse to appoint either one of them, as they were all unable to read and write. *Stephenson v. Stephenson,* 49 N. C., 472.

His Honor properly affirmed the judgment of the clerk in refusing to remove the administrator.

Affirmed.