NATHANIEL OATES BY HIS NEXT FRIEND, FANNIE OATES, v. THE TEXAS COMPANY.

(Filed 9 November, 1932.)

1. **Judgments K c—In attacking judgment for fraud the facts and circumstances constituting fraud must be alleged.**

A judgment may be attacked in an independent action for fraud, but the facts constituting such fraud must be sufficiently alleged to enable the court to pass upon the question, and a mere allegation that the plaintiff was deprived by the former judgment of a large sum to which he was entitled as damages is insufficient, there being no allegation of fraud on the part of counsel or the defendant, but in this case, for the purpose of deciding the case on its merits, the action is treated as a motion in the original cause attacking the judgment for irregularity.

Oates v. Texas Co.

**2. Judgments E a—Consent judgment is binding on minor where it recites investigation by court and finding that it was just.**

It is necessary for the court to approve and pass on a judgment by consent in a tort action in which a minor is plaintiff in order for the judgment to be binding on the minor, but where the judgment recites an investigation by the court and a finding that the compromise reached by the parties was just and reasonable such finding is conclusive in the absence of fraud, and the judgment is regular and binding until set aside in an action upon a proper showing of fraud.

**3. Judgments L a—Consent judgment in this case held bar to subsequent action.**

Where in a suit brought by a minor by his next friend for a negligent personal injury the parties reach a compromise and the court enters a consent judgment for the amount of the compromise and recites in the judgment that the court had investigated the facts and that the settlement was just and reasonable: *Held*, the consent judgment is binding on the minor and constitutes a bar to a later suit against the same person on the same cause of action upon allegations that the amount of the judgment was inadequate.

**4. Infants G a—Where next friend appears in fact for infant and the court so treats him it is sufficient for jurisdictional purposes.**

Where in a suit to recover for negligent injuries to a minor it appears that in fact a next friend appeared for the minor and was so treated by the court, it is sufficient for the court to acquire jurisdiction, and the fact that the record does not recite the appointment of such person as the next friend of the minor will not render the judgment invalid.

APPEAL by defendant from *Harding, J.,* at June Term, 1932, of FORSYTH. Reversed.

This is an action to recover damages for personal injury alleged to have been caused by the negligence of the defendant in 1918. The cause of injury is stated in the third paragraph of the complaint: "That on 7 December, 1918, while the plaintiff, Nathaniel Oates, at that time a child 4 years of age, was in the act of crossing Linden Street from the east to the west side, at or near the intersection of Linden and Third streets in Winston-Salem, a large truck, owned and operated by the defendant and drawn by a team of horses turned into Linden Street from Third Street, proceeding in a northwardly direction along Linden Street, and that due to the negligence of the defendant, particularly its failure to keep a proper lookout for Nathaniel Oates and other pedestrians crossing the street, and due to the recklessness, carelessness, and negligence of the driver in whipping-up the horses and in failing to have the horses under proper control, the horses and the truck suddenly and without warning ran over the body of the plaintiff, causing him to suffer excruciating pain and mental anguish and causing serious and permanent injuries to the said Nathaniel Oates as will be hereinafter more particularly set out."

Following this paragraph is a detailed statement of the injury and the prayer for relief.

The defendant pleaded in bar the following judgment rendered in the Forsyth County Court at the April Term, 1919, in an action entitled "Nathaniel Oates by his next friend, William Oates v. The Texas Company, Incorporated": "This cause coming on to be heard and being heard before his Honor, H. R. Starbuck, judge presiding at the April Term, 1919, of the Forsyth County Court, and it appearing to the court that the case has been compromised by the plaintiff and the defendant and that the defendant has agreed to pay the plaintiff the sum of $150, and after investigation by the court this settlement having been found to be just and reasonable:

"It is therefore ordered and adjudged: That the plaintiff recover of the defendant the sum of one hundred and fifty ($150) dollars and the costs of the action to be taxed by the clerk.

H. R. STARBUCK, *Judge Presiding.*

Consented to:

S. J. Bennett, attorney for plaintiff.

Manly, Hendren & Womble, attorneys for defendant."

The plaintiff replied, alleging that the defendant in an attempt to make a settlement of the controversy entered into an agreement with the plaintiff's father, or his attorney, to pay $150 in satisfaction of all damages and arranged for the institution of a friendly suit in the name of the plaintiff's father as next friend, by which the plaintiff should receive the sum agreed on, and that judgment was entered in accordance with the agreement. It was further alleged that no evidence was offered or proof made at the trial either as to the extent of the plaintiff's injuries or as to the question whether the judgment was for the welfare of the plaintiff, and that the judgment given in the county court in 1919 is null and void. The defendant denied the reply, and when the cause came on for trial the judge of the county court being of opinion that the former judgment is a bar dismissed the action. On appeal the Superior Court reversed this judgment and remanded the cause for trial. The defendant excepted and appealed.

*Manly, Hendren & Womble for appellant.*
*Ingle & Rucker for appellee.*

ADAMS, J. In the county court, at April Term, 1919, the plaintiff, who appeared in the cause by his father as next friend, recovered a judgment for the injury complained of in the present action, and on 20

May his attorney signed and filed a receipt for $156.70 in full payment of the principal and costs. By his mother as next friend he brought the pending suit on 6 July, 1931, and now prays judgment for additional damages alleged to have resulted from his injury. The defendant answered, pleading in bar the judgment of the county court, and the plaintiff filed a reply in which he challenged the validity of the former judgment. In his reply he alleged that this judgment is void and not binding in any way, but in his brief he seems to treat it as voidable.

Of course a party may attack a judgment for fraud by an independent action, but he must set forth facts and circumstances by which the court may finally determine whether fraud is sufficiently alleged; and in this respect the plaintiff's pleading, we think, is defective. He frankly disavows any fraudulent conduct on the part of counsel who participated in the former proceeding and none is charged against the defendant. The only color of fraud is the allegation that if the judgment binds the plaintiff he will be deprived of his rights and damages to the extent of $25,000. It is insisted, however, that the action should be treated as a motion in the cause and that the judgment should be set aside for irregularity. We prefer to rest our decision upon the merits of the controversy and not upon a technicality in procedure.

The plaintiff makes his contention upon the settled principle that where issues are joined in an action between an infant and an adverse party and no evidence is introduced at the hearing, it merely appearing that an agreement is made by the parties that judgment be entered by consent, the judgment will not be binding upon the infant. To support this position the plaintiff cites several cases to which brief reference may be made. The proposition just stated is clearly set out in *Ferrell v. Broadway*, 126 N. C., 258; but the Court was careful to guard against misunderstanding by saying, "We are not intimating by making this order to remand the case, that a next friend of the infants cannot agree to a consent decree or judgment in a case where all the facts are developed and found by the court, and an order made that the arrangement would be best for the interest of the infants." In *Rector v. Logging Co.*, 179 N. C., 59, the Court adhering to the doctrine that a next friend is without authority to compromise and adjust a claim in tort without the sanction and approval of the trial judge after an investigation of the facts, concluded that final decision on the matters in controversy ought to await a full disclosure of the facts, the defendant meantime having raised an issue of fraud. Substantially the same course was pursued in *Patrick v. Bryan*, 202 N. C., 62. According to the record in *Keller v. Furniture Company*, 199 N. C., 413, judgment was given for the plaintiff in the first suit without any investigation of

the facts and was afterwards set aside on this ground by the judge who tried the cause.

In the case before us the facts are easily distinguishable. Here the judgment recites an investigation by the trial court and a finding that the settlement was just and reasonable. If "just and reasonable" the compromise was not prejudicial to the infant. To assail the judge's finding without allegation and proof of fraud would be equivalent to an impeachment, not of irregularity in the procedure, but of the essence of the judgment—a denial of the specific act which the court declares it performed. We should be reluctant to concede that the verdict of a jury, after the lapse of twelve years, can supersede the solemn adjudication of the trial judge concerning a judicial matter peculiarly within his own experience. In the absence of fraud his finding is conclusive, even if it should be granted that without an investigation of the facts the consent judgment might have been deemed "colorable and collusive."

The appellee suggests that there is no record or recital of an appointment of a next friend for the plaintiff in the first action. There was an allegation in the complaint that William Oates had been duly appointed as his next friend. But if not duly appointed, as was said in *Tate v. Mott,* 96 N. C., 19, 27: "He did irregularly what was necessary and proper to be done by a next friend. It must be so taken, because as we have said, the court recognized him as serving a proper purpose—that of a next friend—and acted upon the appearance of the infants by him. Otherwise, it would not have granted the prayer of the petition. It was essential that there should be an appearance by a next friend, who ought to have been regularly appointed, but as one appeared in fact, and the court so treated him, that was sufficient for the purpose of acquiring complete jurisdiction." The judgment of the Superior Court is

Reversed.