F. D. WEDDLE v. OLLIE EVERHART WEDDLE.

(Filed 22 May, 1957.)

**1. Appeal and Error § 22—**

Exceptions and assignments of error to the refusal of the court to sign judgment tendered and to the findings of fact contained in the judgment entered, are broadside in form and present nothing for review.

**2. Appeal and Error § 19—**

An assignment of error must be supported by an exception duly taken.

3. **Appeal and Error § 21—**

An appeal is in itself an exception to the judgment and supports for purposes of review an assignment of error to the judgment, but such assignment presents only the questions whether the facts found support the judgment and whether error of law appears upon the face of the record, and does not present for review the findings of fact or the evidence upon which they are based.

APPEAL by respondent Sadie M. Weddle from *Olive, J.,* 7 November, 1956, Term of SURRY.

Motion in the cause by defendant wife to set aside decree of absolute divorce.

The decree of divorce was entered on the ground of two years separation at the June, 1950, term of court, dissolving a marriage contracted in 1923. The purported service of process was by publication. The defendant did not appear. The plaintiff and the respondent Sadie M. Weddle were married in June, 1950, following the decree of divorcement. The plaintiff died on 27 February, 1956. The defendant movant alleged and offered evidence tending to show that the decree of divorce is void for the reason that the plaintiff perpetrated a fraud upon the court in furnishing information as to residence of the defendant and in purportedly obtaining service of process upon her by publication, and that therefore the court was without jurisdiction.

The court below found facts and entered judgment allowing the motion and setting aside the decree of divorce. The respondent excepted and appealed.

*Buford T. Henderson for respondent, appellant.*
*Hayes & Wilson for defendant, appellee.*

PER CURIAM. The respondent's only exception is found in the appeal entries. It embraces (1) the refusal of the court to sign the judgment tendered by the respondent, (2) the findings of fact contained in the judgment entered by the court, and (3) the judgment as entered. The exception is broadside and is ineffectual to support an assignment of error to the judgment tendered and refused or to the findings of fact. *Suits v. Insurance Co.,* 241 N.C. 483, 85 S.E. 2d 602. Similarly, the assignments of error to the judgment tendered and to the findings of fact are broadside in form. These assignments present nothing for review. This is so both because of their broadside form and for the further reason that they are unsupported by valid exceptions. *Putnam v. Publications,* 245 N.C. 432, 96 S.E. 2d 445; *Waddell v. Carson,* 245 N.C. 669, 97 S.E. 2d 222; *S. v. Worley, ante,* 202, 97 S.E. 2d 837. However, the respondent's appeal itself constitutes an exception to the

judgment and supports for review purposes the assignment of error based thereon. But this assignment presents only the questions whether the facts found support the judgment and whether error of law appears upon the face of the record. *Goldsboro v. R. R., ante,* 101, 97 S.E. 2d 486; *Muilenburg v. Blevins,* 242 N.C. 271, 87 S.E. 2d 493. This assignment of error does not present for review the findings of fact or the evidence upon which they are based. *Merrell v. Jenkins,* 242 N.C. 636, 89 S.E. 2d 242.

A careful examination of the record discloses that the findings of fact made by the court below support the judgment. No error appears upon the face of the record. The appeal presents no new question of law requiring discussion.

The judgment of the Superior Court will be upheld.

Affirmed.