In the Matter of the ESTATE OF LULA COGDILL, Deceased.

(Filed 18 September, 1957.)

**1. Executors and Administrators § 2b—**

The appointee of some of the heirs has no interest in the estate sufficient to entitle him to challenge the issuance of letters of administration by the clerk to another in the absence of a showing by the appointee that he is legally entitled to have the letters of administration issued to himself.

**2. Same—**

The clerk of the Superior Court has the power to refuse to issue letters of administration to the nominee of the heirs, notwithstanding the nomi-

· nee's personal competency, when the nominee's relation to the interested parties and the estate is such that the clerk in the exercise of a sound discretion does not consider him a proper party to administer the estate. G.S. 28-6(b).

**3. Appeal and Error § 22—**

Upon exception to a judgment or order, without exception to any finding of fact, the findings set forth by the trial court will be accepted as established.

APPEAL by W. M. Styles from *Froneberger, J.,* February Term, 1957, of JACKSON.

The record discloses these facts:

Lula Cogdill, a resident of Jackson County, died June 12, 1956, intestate, survived by six children and also by the children of two daughters who had predeceased her. Five of said surviving children, to wit, Georgia M. Dietz, Edna H. Case, Faye Jones, Amy J. Worsham and Mattie L. Womack, renounced their rights to administer and nominated W. M. Styles for appointment as administrator. On June 21, 1956, Styles applied to the clerk for letters of administration.

On July 16, 1956 (no administrator having been appointed), Styles, by petition to the clerk, requested that a collector be appointed under G.S. 28-25 or that the clerk proceed under G.S. 28-15 "to declare a renunciation of such right to administer as any person may have." On July 30, 1956, the clerk issued a notice to Ray Cogdill, also a surviving child, to show cause, within twenty days after service of such notice, why he should not be deemed to have renounced his right to administer. On August 11, 1956, Ray Cogdill renounced his right to administer and nominated W. C. Hennessee for appointment as administrator.

The clerk, on account of the delay incurred in granting letters of administration due to the inability of the six children to agree, appointed Lacy Thornburg as collector; and Lacy Thornburg qualified as such collector.

On November 13, 1956, Styles, as said nominee, upon notice to Ray Cogdill, moved before the resident judge for a rule or order requiring the clerk to issue letters of administration to him. Upon hearing said motion, the judge, by order dated December 15, 1956, remanded the cause to the clerk "for the appointment of an Administrator for the Estate of Lula Cogdill, deceased." On December 22, 1956, the clerk issued letters of administration to Thornburg. Upon receiving notice thereof, Styles appealed.

On said appeal, the matter was heard by Froneberger, J., the presiding judge of the district. His order dated February 21, 1957, based on findings of fact, "sustained" the clerk's action.

The findings of fact set forth in said order are as follows: "and it appearing to the Court that five heirs had renounced their right to administer in favor of W. M. Styles and that one of said heirs renounced his right to administer in favor of W. C. Hennessee; and it further appearing to the Court and the Court finding as a fact that W. M. Styles along with his father, J. Scroop Styles, represent certain heirs in a civil action pending to set aside certain deeds and other conveyances which will be involved in this Estate, therefore, the Court finds that W. M. Styles is not the proper party to administer in this estate. The Court finds as a fact that the applicant otherwise is eminently qualified."

Styles excepted and gave notice of appeal. The appeal entries, dictated by Styles, include the following: "It is stipulated that the record of appeal shall consist of the record proper as it appears in the office of the Clerk of the Superior Court of Jackson County, North Carolina."

*W. M. Styles, appellant, in propria persona.*

BOBBITT, J. The record discloses no action or appearance by any of the six children subsequent to their renunciation in favor of the respective nominees. Styles as nominee is the sole applicant, petitioner, movant and appellant in the successive proceedings stated above.

It would seem that as between Styles and Hennessee, nothing else appearing, the clerk had authority in his discretion to issue letters of administration to either Styles or Hennessee. *In re Saville,* 156 N.C. 172, 72 S.E. 220. Instead, she issued letters of administration to Thornburg. The record discloses no data concerning Thornburg's relation to the estate or any of the next of kin. His fitness to serve as administrator is not challenged.

There was no proceeding under G.S. 28-32 for the revocation of Thornburg's letters of administration. It does not appear that Thornburg had notice of or appeared in connection with any hearing or proceeding. He makes no appearance in this Court as appellee or otherwise. In so far as the record discloses, both G.S. 28-32 and Thornburg were completely ignored.

If the decision below had been adverse to Thornburg, we would face the question as to whether he was subject to removal, *i.e.,* to have his letters of administration revoked, except in a proceeding before the clerk in accordance with G.S. 28-32. See, *Edwards v. McLawhorn,* 218 N.C. 543, 11 S.E. 2d 562; *In re Palmer's Will,* 117 N.C. 134, 23 S.E. 104; *Edwards v. Cobb,* 95 N.C. 5; *Murrill v. Sandlin,* 86 N.C. 54.

Styles' rights, if any, to letters of administration arise solely from his status as said nominee. Absent a showing that he is *legally entitled* as such nominee to letters of administration, he has no interest in the

estate sufficient to entitle him to challenge the issuance of letters of administration to Thornburg.

The status of a nominee for letters of administration is now defined by G.S. 28-6(b) (Ch. 22, Session Laws of 1949), viz.: "Any person who renounces his right to qualify as administrator may at the same time nominate in writing some other qualified person to be named as administrator, and such designated person shall be entitled to the same priority of right to qualify as administrator as the person making the nomination. Provided, that the qualification of the appointee shall be *within the discretion* of the clerk of court." (Italics added.)

We construe the proviso to mean that the clerk in his sound discretion may refuse to issue letters of administration to a nominee if and when it is made to appear that, regardless of his personal competency, the nominee's relation to the interested parties and the estate is such that the clerk does not consider him a proper party to administer the estate. Obviously, the word "appointee" as used in the proviso refers to a person nominated for appointment in accordance with the prior provisions of this statute.

Appellant's only assignment of error is based on his exception to the court's said order of February 21, 1957. There is no exception to any finding of fact. Hence, we must accept as established the facts set forth in the court's findings. *In re Sams,* 236 N.C. 228, 72 S.E. 2d 421.

Upon the facts found, appellant failed to show that the clerk abused her discretion in refusing to issue letters of administration to him; hence, he failed to show that he was entitled to letters of administration as a matter of law.

In relation to this record, and bearing upon the exercise of discretionary power, this statement of *Ruffin, C. J.,* in *Pratt v. Kitterell,* 15 N.C. 168, 171, is appropriate: "If the litigants cannot agree upon a person, it is manifestly proper to appoint one who stands indifferent between them and will be acceptable to the creditors."

Judge Froneberger's order is
Affirmed.