IN THE MATTER OF THE FORECLOSURE OF JOHN G. HARDIN, JR.
JOHN G. HARDIN, JR., APPELLANT
JAMES O. MOORE, TRUSTEE AND MARSH LAND COMPANY, APPELLEES

(Filed 19 March, 1958)

**1. Appeal and Error §49—**

In the absence of an exception to any finding of fact, the facts set forth in the court's findings must be accepted as established.

**2. Appeal and Error § 19—**

A statement that a certain procedural step was taken, appearing only in the assignment of error and not supported by the record, cannot be advanced as the basis for a legal contention.

**3. Mortgages § 33b—**

The discretionary power of the clerk to refuse to accept an upset bid unless the bidder also gave compliance bond, G.S. 45-21.27(b) is not properly presented by allegations setting up equitable grounds for enjoining foreclosure or confirmation, G.S. 45-21.34. Further, whether an appeal would lie from such refusal of the clerk, *quaere?*

APPEAL by John G. Hardin, Jr., from *Dan K. Moore, J.,* August 12, 1957, Civil Term of MECKLENBURG.

This appeal is from a judgment dismissing "the purported or attempted appeals" of John G. Hardin, Jr., from actions of the clerk relating to the foreclosure of a deed of trust.

At a foreclosure sale on March 18, 1957, by James O. Moore, Trustee, under power of sale in deed of trust executed by John G. Hardin, Jr., and wife, Hilda A. Hardin, which secured an indebtedness to Marsh Land Company, the Administrator of Veterans Affairs became the last and highest bidder at $8,232.31. The trustee, in his report thereof, requested the clerk to "require compliance bond in addition to upset bid deposit in the event of an upset bid."

On March 25, 1957, John G. Hardin, Jr., the mortgagor, by "Geo. Fitzgerald, Atty.," filed an upset bid of $8,693.93 and deposited $461.62 with the clerk in compliance with GS 45-21.27(a). The clerk, without requiring a bond conditioned on compliance with said upset bid, ordered a resale.

At the resale on May 6, 1957, the $8,693.93 bid of John G. Hardin, Jr., was the last and highest bid; and the trustee so reported.

On May 13, 1957, Harry F. Luecke, by "Geo. Fitzgerald, Atty.," filed an upset bid of $9,178.63 and deposited $484.70 with the clerk in compliance with GS 45-21.27(a). The clerk, without requiring a bond conditioned on compliance with said upset bid, ordered a second resale. (On May 15, 1957, the clerk refunded to John G. Hardin, Jr., the $461.62 deposited on March 25, 1957. The receipt therefor was signed in behalf of John G. Hardin, Jr., by "Geo. Fitzgerald, Atty.")

At the second resale, on June 17, 1957, the $9,178.63 bid of Harry F. Luecke was the last and highest bid; and the trustee so reported·

On June 25, 1957, John G. Hardin, Jr., attempted to file an upset bid and to make the deposit required by GS 45-21.27(a); but the clerk, under GS 45-21.27(b), required that he give bond conditioned on his compliance with his attempted upset bid. John G. Hardin, Jr., refused to give such compliance bond; and, on account of such refusal, the clerk refused to accept the attempted upset bid and deposit.

Thereupon, on June 25, 1957, George L. Fitzgerald, as attorney for John G. Hardin, Jr., filed *with the clerk* a notice of appeal from the clerk's said refusal to accept his attempted upset bid and deposit. In substance, this notice set forth that the clerk's "judgment" was "contrary to law and evidence" in that (1) the amount of the Luecke bid, $9,178.63, was "totally inadequate and . . . far less than the reasonable market value of said property"; (2) if all the money he (the mortgagor) had paid had been properly applied by Marsh Land Company no default would have occurred; and (3) certain usurious charges had been made by Marsh Land Company.

No upset bid (other than Hardin's said attempted upset bid) was made; and on July 2, 1957, the clerk ordered the trustee to make a deed to Harry F· Luecke, his heirs or assigns, upon payment of his $9,178.63 bid.

On July 16, 1957, George L. Fitzgerald and Harrell & Fitzgerald, as attorneys for John G. Hardin, Jr., filed *with the clerk* a notice of appeal from said order of July 2, 1957, repeating therein the grounds stated in said notice of June 25, 1957, and setting forth in addition that the clerk's order of July 2, 1957, was "premature and illegal" because "an appeal is now pending to the Superior Court from *a prior order* of the Clerk . . . dated June 25, 1957." (Italics added)

On August 12, 1957, James O. Moore, Trustee, and Marsh Land Company, through counsel, under special appearance, moved that "the attempted or purported notices of appeal in this proceedings by John G. Hardin, Jr., be quashed, vacated or set aside," on the ground that "the purported notices of appeals, and each of them, . . . were not . . . given or served on James O. Moore, Trustee, and Marsh Land Company, or either of them within ten (10) days from the date of the filing of the purported notices of appeals, and that notices were not waived by the said James O. Moore, Trustee, or Marsh Land Company."

The said motion was heard by Judge Moore at term time. Counsel for appellant and appellees were present and participated in the hearing.

The court, "finding as facts from the record in this proceedings that the notices of appeal by the Appellant dated the 25th day of June 1957 and the 16th day of July 1957, . . . were not, and neither of them, was served on the Appellees or either of them, as provided in and required by Section 1-272 of the General Statutes of North Carolina, and that service of such notices has not been waived by either of the Appellees," allowed the motion and dismissed "the purported or attempted appeals of the Appellant, John G. Hardin, Jr., dated the 25th day of June 1957 and the 16th day of July 1957, respectively."

John G. Hardin, Jr., excepted and appealed.

*Harrill & Fitzgerald for appellant.*
*Helms, Mulliss, McMillan & Johnston and Wm. H. Bobbitt, Jr., for appellees.*

Per Curiam. Appellant's sole assignment of error is that Judge Moore should not have signed said judgment because "a copy of each appeal was mailed to R. Paul Jamison, attorney for respondents, and receipt of same was acknowledged in open court."

There is no exception to any of the court's findings of fact. *Weddle v. Weddle*, 246 N.C. 336, 98 S.E. 2d 302. Hence, we must accept as established the facts set forth in the court's findings. In re *Estate of Cogdill*, 246 N.C. 602, 99 S.E. 2d 785.

The statement, quoted above, appears only in appellant's assignment of error. Nothing in the record supports it. Thus, there is no basis for consideration of appellant's contention that, under GS 1-585 and 1-586, the mailing of notice of appeal to counsel and his receipt thereof is sufficient to constitute compliance with GS 1-272.

It is noteworthy that appellant, in his attempted or purported appeals from the clerk, did not assert as grounds therefor that the bond required exceeded the limitation specified in GS 45-21.27(b), or that the clerk did not have authority to require such bond, or that the

clerk abused his discretion in making the requirement. The grounds asserted, if established, would seem to bear upon whether appellant, had he brought an action under GS 45-21.34, would be entitled to equitable remedies referred to therein.

It is noted that the clerk made no formal order on June 25, 1957. He simply refused to accept or recognize an upset bid unless the bidder gave a compliance bond required as authorized by GS 45-21.27(b) in addition to the cash deposit required by GS 45-21.27(a). *Quaere:* Does an appeal lie from such refusal? It is further noted that the clerk's order, directing the trustee to execute and deliver a deed to Luecke, is dated July 2, 1957, and that the said purported notice of appeal therefrom is dated July 16, 1957, and was filed *with the clerk* on July 16, 1957.

Affirmed.