BERNICE T. HAGINS v. REDEVELOPMENT COMMISSION OF GREENS-
BORO, NORTH CAROLINA, A BODY CORPORATE.

(Filed 28 February, 1968.)

**1. Judgments § 6—**

The trial court may, prior to the expiration of the session, vacate on its own motion a judgment rendered during the session.

**2. Appeal and Error § 28—**

Upon exception to a judgment without exception to any findings of fact, the findings set forth by the trial court will be accepted as established.

**3. Parties § 2;   Infants § 5;   Attorney and Client § 3—**

Findings of fact by the trial court that the adult plaintiff consistently refused to take advice from her counsel, that on the day of trial plaintiff peremptorily dismissed her attorneys and stated that all lawyers are crooked, and further, that plaintiff appears completely incapable of protecting her rights, *is held* sufficient to authorize the trial court to appoint a next friend for plaintiff in her action to recover compensation for land taken by eminent domain. G.S. 1-64.

**4. Notice § 1—**

Parties to actions are fixed with notice of all motions or orders made during the session of court in causes pending therein.

**5. Infants § 5;   Judgments § 8—**

The next friend is an officer of the court and may negotiate, compromise and settle the rights of his ward, subject to approval by the court.

**6. Infants § 5—**

Evidence in this case *held* sufficient to show that plaintiff had actual notice of the appointment of her next friend.

**7. Same;   Appeal and Error § 6—**

An order appointing a next friend for an adult plaintiff is an order affecting a substantial right from which plaintiff may appeal. G.S. 1-277.

**8. Appeal and Error § 14—**

Where plaintiff excepted to order by the trial court appointing her next friend, such order being made in a pending cause during session, her remedy was to give notice of appeal within ten days after notice of the judgment or within ten days after its rendition, G.S. 1-279, and a motion to vacate the order pursuant to G.S. 1-582 is ineffectual.

**9. Appeal and Error § 45—**

Assignment of error not brought forward and discussed in appellant's brief is deemed abandoned. Rule of Practice in the Court of Appeals No. 28.

APPEAL by plaintiff from *Crissman, J.,* October 2, 1967 Civil Session of GUILFORD Superior Court, Greensboro Division, from a judgment denying her motion to set aside the order dated January 26,

1967, appointing a next friend, the judgment dated March 17, 1967, and the order dated May 18, 1967, allowing compensation to the next friend.

The defendant is a North Carolina corporation created, organized and existing under and by virtue of Article 37, Chapter 160, of the General Statutes of North Carolina known as the "Urban Redevelopment Law" and has the power of eminent domain in proper cases. It has been determined in another action that the real property referred to herein was properly taken.

There has been considerable litigation over the defendant's acquisition of the title to two lots in Greensboro formerly owned by the plaintiff.

The first action was instituted on August 7, 1961, by the defendant herein against the plaintiff to acquire title to the two lots under the power of eminent domain. In that case appraisers were appointed and appraised one of the lots at $17,500 and the other at $9,300. This sum was awarded and confirmed by the Clerk of the Superior Court and later by the Judge of the Superior Court. Plaintiff appealed and the Supreme Court of North Carolina, in an opinion filed December 12, 1962, reversed the judgment of the Superior Court, holding that the petitions in the proceedings were fatally defective. See *Redevelopment Commission of Greensboro v. Bernice T. Hagins (Hagan) and J. G. Hagins,* 258 N.C. 220, 128 S.E. 2d 391.

Thereafter, on January 14, 1963, another action was instituted by the defendant herein against Bernice T. Hagins (Hagan), et al., to acquire the fee simple title to the two lots. On the trial of that case, a jury awarded the plaintiff $3,300 as just compensation for the taking of both lots. From the judgment on this verdict, the plaintiff appealed to the Supreme Court of North Carolina. In a decision filed June 16, 1966, in the case of *Redevelopment Commission of Greensboro v. Bernice T. Hagins, et al.,* 267 N.C. 622, 148 S.E. 2d 585, the judgment of the Superior Court was affirmed. Thereafter, Mrs. Bernice T. Hagins applied to the United States Supreme Court for a writ of *certiorari* to review this decision, and her petition was denied November 14, 1966. *Bernice T. Hagins, Petitioner v. Redevelopment Commission of Greensboro,* 385 U.S. 952, 17 L. ed. 2d 230. On January 9, 1967, the Supreme Court of the United States denied a petition by Bernice T. Hagins for a rehearing of the matter. 385 U.S. 1021, 17 L. ed. 2d 561.

In the opinion affirming the judgment of the Superior Court, the Supreme Court of North Carolina said in 267 N.C. 622, 625, 148 S.E. 2d 585, "The stipulations disclose that between the time Judge Shaw rendered judgment in the first proceeding, decreeing that the

title to the lots and the improvements had passed to the Redevelopment Commission, and the time this Court reversed the judgment, the . . . structures had been removed and destroyed by the petitioner under an order of the Superior Court . . . that there is now pending in the Superior Court of Guilford County a suit against the petitioner, Redevelopment Commission of Greensboro, et al., to recover damages for the taking and destroying of the improvements on said lands and for other causes alleged in said suit."

The case at bar involves the action referred to in this Supreme Court opinion. It was instituted on May 14, 1963, to recover compensatory damages and punitive damages in the total amount of $407,460 for the taking and destroying of the improvements on said land and for other causes alleged in the complaint. There were three other related cases instituted by the plaintiff against the defendant and others in connection with the taking of plaintiff's real property by the defendant. The three other cases were instituted in March 1963, and all were consolidated for argument in this Court. The defendant, Redevelopment Commission of Greensboro, was a defendant in each of the three cases, and as to this defendant, all four of the cases were consolidated for judgment in the judgment of March 17, 1967, referred to in this action. The other three cases are:

> *Bernice T. Hagins v. Aero Mayflower Transit Company, Incorporated, Champion Storage and Trucking Company, Incorporated, and Redevelopment Commission of Greensboro,* which was No. 4468 in the Superior Court and is No. 67SC12 in this Court.

> *Bernice T. Hagins v. South Atlantic Bonded Warehouse Corporation, Allied Van Lines, Inc., and Redevelopment Commission of Greensboro,* which was No. 4439 in the Superior Court and is No. 67SC13 in this Court.

> *State of North Carolina, Upon the Relation of Bernice T. Hagins, and Bernice T. Hagins v. E. R. Phipps, E. E. Ballinger, Deputy Sheriffs of Guilford County, in May 1962, John E. Walters, Sheriff of Guilford County in May, 1962, and National Surety Corporation of New York, a Foreign Corporation and Surety upon the Official Bond of Sheriff John E. Walters, Redevelopment Commission of Greensboro, a body corporate,* which was No. 5045 in the Superior Court and is No. 67SC14 in this Court.

*Comer & Harrelson, attorneys for plaintiff appellant.*

*Cannon, Wolfe & Coggin by J. Archie Cannon, attorneys for defendant appellees.*

MALLARD, C.J.   The plaintiff appellant assigns as error the action of the court in appointing a next friend on January 26, 1967, in the absence of the plaintiff, without notice to her and without her knowledge or consent.

The case was calendared for trial January 23, 1967, and the plaintiff did not appear; however, her attorneys, Mr. Samuel S. Mitchell and Mr. Earl Whitted, Jr., did appear and informed the Court that the plaintiff had told them she was sick. The next day, January 24, 1967, the case was called again, and the plaintiff was present with her attorneys. At that time the plaintiff personally presented to the Court a paper writing in which she requested that her attorneys be discharged, after which the following occurred:

> THE COURT:   (To Mrs. Hagins)   "In other words, you're firing them. Is that what you're doing? That is what you're asking, isn't it?

> MRS. HAGINS:   Yes, sir.

> THE COURT:   You have a right to put on your evidence and try the cases. That is the reason I suggested that you confer with them for fifteen minutes and see if you couldn't arrive at something that would be sensible and helpful to you. We'll take a fifteen minute recess.

> ### RECESS

> THE COURT:   (To Mrs. Hagins)   You want to proceed with your cases?

> MRS. HAGINS:   I don't know anything about the cases.

> THE COURT:   I know you have been made a proposition of settlement. Let the record show that the plaintiff in these cases— *Bernice T. Hagins v. Redevelopment Commission of Greensboro, N. C.;*

> *State of North Carolina, upon the Relation of Bernice T. Hagins,* and *Bernice T. Hagins v. E. R. Phipps, E. E. Ballinger, Deputy Sheriffs of Guilford County;*

> *Bernice T. Hagins v. South Atlantic Bonded Warehouse Corporation, et al.;*

> *Bernice T. Hagins v. Aero Mayflower Transit Co., Inc., et al.* That in open court this date she dismissed her attorneys and has stated in open court that she is not in position to proceed

with the cases that are calendared for trial on this date, and the court orders judgment of nonsuit in each of the four cases."

The record does not corroborate Mrs. Hagins' statement in her affidavit filed in all four cases, "that the Judge . . . told the plaintiff that she would have one year in which to start over" after entering the nonsuit in all four of the cases.

The record does not disclose that either of the plaintiff's attorneys requested the court to permit them to withdraw at this time. There is nothing in the record that indicates that the court gave them permission to withdraw at this time.

On January 25, 1967, Earl Whitted, Jr., one of the plaintiff's attorneys, filed an affidavit in this and the other cases which states in substance that the plaintiff had refused to cooperate with her attorneys and that "Mrs. Bernice T. Hagins has a fixation about this case beyond which she will not go; that she will neither listen to the advice of counsel nor to reason or understanding; that she is both illogical and incapable of handling her affairs in this matter."

On January 25, 1967, Samuel S. Mitchell, one of plaintiff's attorneys, filed an affidavit in which he refers to her as "his former client." Also, in this affidavit Mr. Mitchell asserts: "Affiant has found Mrs. Hagins to be mentally aware and alert in all matters, excepting in regards to her relationship to her land, which was recently condemned by the Redevelopment Commission of Greensboro in the Cumberland Project, and in regards to claims for damages which grew out of these condemnation proceedings; that in regards to these matters affiant has found her to be totally irrational and without a rational base from which to counsel with her attorneys in litigation or in negotiation concerning these matters; that affiant has found her to be totally impervious to logic, reason or understanding in regards to these matters and totally without willingness or apparent capability to evaluate or accept evaluation in regards to the condemnation of her land and in regards to claims arising therefrom; that affiant does not believe that his former client has the willingness or capacity to understand and appreciate the circumstances attendant upon a dismissal of her legal actions without trial, although affiant and his associate have many times explained these circumstances to her.

"That affiant believes that his former client is so obsessed with the repossession of her condemned land that her ability to manage her claims for damages for the taking is nonexistent; that affiant knows that she is in need of the court in the matter referred to above; that affiant believes that her legal posture in reference to

the actions above mentioned will so deteriorate that she is now in danger of losing value amounting to thousands of dollars; that affiant believes that because of Mrs. Hagins' obsessions, as indicated above, she is incapable of managing her affairs insofar as they relate to the actions listed herein and to matters arising from the recent condemnation proceedings."

On January 26, 1967, the court, in this case and the other three cases, made the following entry:

"Let the record show that the Court in its discretion is setting aside the judgments of nonsuit that were announced in Court when the cases were called on Monday and is continuing all of these cases for the term *and they will be open for further proceeding.*" (Emphasis added.)

The Court had the authority on its own motion to vacate the judgments of nonsuit during that session of court, and none of the parties have taken exception thereto. *Shaver v. Shaver,* 248 N.C. 113, 102 S.E. 2d 791; *Insurance Company v. Walton,* 256 N.C. 345, 123 S.E. 2d 780. On January 26, 1967, Judge Crissman entered the following order:

"THIS CAUSE coming on to be heard before the Honorable Walter E. Crissman, Resident Judge of the Eighteenth Judicial District, and being heard at the January 16th Term of Superior Court, Civil Division, upon Affidavits filed by counsel for the plaintiff, upon observations made by the Court and upon statements of fact as contained in the record, the Court is of the opinion and finds as a fact, that the plaintiff in this action is completely incapable of protecting her own rights, is ignorant of court procedure, and that her actions have been detrimental to her own interests; that the course of action or conduct shown by the plaintiff, dating back to 1961, whereby she refused to obey any orders entered by any court of competent jurisdiction, having to be taken into custody by the Sheriff to permit Commissioners of Appraisal to enter upon her property for the sole purpose of appraising same, by writing letters to the Department of Justice in Washington, to the President of the United States and to Mrs. Johnson to the effect that she was being mistreated, by her refusal of advice from her own selected counsel, and by her discharge of said selected counsel in open court when trial was just beginning, by her statement that 'all lawyers are crooked,' by her apparent inability to comprehend what is transpiring, and by her complete indifference and defiance as

manifest throughout the entire records on file in the Clerk's Office, the Court *ex mero motu* finds it imperative to appoint a next friend for this plaintiff to look after and manage her affairs in the present litigation.

Now, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Joseph Franks, Jr., is hereby appointed next friend for Bernice T. Hagins in the cases herein set out, for the sole purpose of inquiring into her cause of action, to consider all elements of damage and offers to settle, to pursue all remedies offered by law to the end that plaintiff's property and personal rights are protected in full, and that her best interests be protected, as provided by law."

The record shows that the plaintiff took exception to this order appointing the next friend. We assume that the record is correct and that it was taken at the time of the entry of the order. This is plaintiff's assignment of error no. 1.

In *Moore v. Lewis*, 250 N.C. 77, 108 S.E. 2d 26, referring to the appointment of a guardian *ad litem* for a defendant who was *non compos mentis*, the Court stated, "An inquisition to determine the sanity of the defendant is not a condition precedent to the appointment. *In re Dunn*, 239 N.C. 378, 79 S.E. 2d 921. It may be made upon application of any disinterested person or by the court on its own motion." 44 C.J.S., Insane Persons, § 143(b), 307, 308.

The exception is "to the action of the court and the court's appointing a next friend without the plaintiff's consent, knowledge or notice." There is no exception to any of the court's findings of fact. Hence, we must accept as established the facts set forth in the court's findings. *Weddle v. Weddle*, 246 N.C. 336, 98 S.E. 2d 302; *In re Estate of Cogdill*, 246 N.C. 602, 99 S.E. 2d 785; *In re Hardin*, 248 N.C. 66, 102 S.E. 2d 420. Upon the facts found, we think the court had the inherent and equitable power to appoint a next friend in this case. G.S. 1-64; *Peppard v. Peppard*, Fla., 198 So. 2d 63; *Graham v. Graham*, 40 W. 2d 64, 240 P. 2d 564. Indeed, under such circumstances, it was the duty of the court to make such appointment in order that plaintiff's rights could be properly safeguarded.

The judgments of nonsuit directed by Judge Crissman on January 24th were stricken on January 26th, which had the effect of placing the causes back on the calendar at that session of court. The order appointing the next friend was made during that session of court; notice was not necessary. Parties to actions are fixed with notice of all motions or orders made during the session of court in

causes pending therein. *Speas v. Ford*, 253 N.C. 770, 117 S.E. 2d 784; *Harris v. Board of Education*, 217 N.C. 281, 7 S.E. 2d 538; *Insurance Company v. Sheek*, 272 N.C. 484. This assignment of error is overruled.

The record reveals that on January 30, 1967, the plaintiff contacted Joseph Franks, Jr. on the telephone inquiring into his appointment as her next friend; therefore, she had actual notice of the appointment. She also contacted him on January 31, 1967, and agreed to meet and confer with him but later informed him that she would be unable to keep the appointment. She did not contact the next friend thereafter.

Mr. Joseph Franks, Jr., acting as next friend, notified Mrs. Hagins on March 11, 1967, by registered letter dated March 10, 1967, with a return receipt which showed delivery to Mrs. Hagins on March 11, 1967, that he would apply to the Superior Court on March 15, 1967, for an order comprising and settling her cases and the proposed amounts of such settlement. He sent her a copy of the order appointing him as next friend dated January 26, 1967, and a copy of an affidavit setting out his reasons for such application, which had been filed by Mr. Franks on March 10, 1967, in this and the other three related cases.

Mrs. Hagins did not appear on March 15 or March 17 at the hearing, and she took no action and did not lodge any protest or otherwise contest any such settlement other than to take exception to the signing of the judgment.

The court, on March 17, 1967, entered the following judgment:

"THIS CAUSE coming on to be heard, and being heard, upon Affidavit of Joseph Franks, Jr., Next Friend for Bernice T. Hagins, before the Honorable Walter E. Crissman, Resident Judge of the Eighteenth Judicial District, and it appearing to the Court that Joseph Franks, Jr., was duly appointed Next Friend for Bernice T. Hagins by this Court on January 26, 1967, by an order entered in this cause to the effect that the plaintiff was incapable of looking out for her own protection or making decisions that would be to her best interest in these matters of litigation due to her apparent inability to comprehend judicial proceedings or to heed advice of counsel, the Court finds as a fact that said order was necessary to preserve and protect the best interests of the plaintiff.

That it appears to the Court from said Affidavit and statement of counsel that the Redevelopment Commission of Greensboro, one of the defendants in all of the above numbered cases, has

offered to pay into Court for the use and benefit of the plaintiff and as a complete release and discharge from any liability now existing or that might exist by virtue of said cases against the Redevelopment Commission of Greensboro in the sum of Forty Thousand ($40,000.00) Dollars. That defendant Redevelopment Commission of Greensboro further agrees to pay the moving and storage bills rendered against the plaintiff by virtue of her personal property being stored in the warehouses of South Atlantic Bonded Warehouse Corporation, in the sum of $2,235.23, and Champion Storage and Trucking Company, Inc., in the sum of $617.62. That said sum is in full settlement and satisfaction of the above numbered cases insofar as this defendant, Redevelopment Commission of Greensboro, is involved and in full compensation for the property formerly owned by the plaintiff and condemned by the defendant Redevelopment Commission of Greensboro.

That Joseph Franks, Jr., the duly appointed Next Friend of Bernice T. Hagins, has stated that, in his opinion, said sum is fair and reasonable; that, in his opinion, it would be to the best interest and welfare of Bernice T. Hagins to accept said sum.

The Court hereby finds as a fact that the sum offered by the defendant Redevelopment Commission of Greensboro is fair and reasonable; that it would be to the best interest and welfare of Bernice T. Hagins to accept same; that all litigation instituted by or against this defendant Redevelopment Commission of Greensboro has grown out of the same cause, to-wit, the taking of her property by condemnation proceedings; that said cases have been to the Supreme Court of North Carolina on two occasions; that a writ of *certiorari* was filed with the Supreme Court of the United States, and was denied; that a petition to re-hear was filed, and was denied; and that the Court is of the opinion that there must be an end of litigation at some point.

Now, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that upon the defendant Redevelopment Commission of Greensboro paying into Court the sum of $40,000 for the use and benefit of the plaintiff, Bernice T. Hagins, the sum of $2,235.23 to Atlantic Bonded Warehouse Corporation, the sum of $617.62 to Champion Storage and Trucking Company, Inc., and the costs of this action to be taxed by the Court, the defendant Redevelopment Commission of Greensboro in all the above numbered cases is hereby released and discharged from any and all liability now existing, or that may exist, by virtue of these actions; and that

said sum of $40,000 shall cover any and all amounts due plaintiff by virtue of condemnation actions whereby her property was heretofore taken by the defendant Redevelopment Commission of Greensboro.

That this Judgment may be pleaded in bar of any right the plaintiff or any other party to the above litigation has or may have to further, or any, recovery from the defendant Redevelopment Commission of Greensboro."

Plaintiff's assignment of error no. 2 is to the action of the court in signing the judgment, the exact wording of the exception being "to the ruling and signing of this judgment, the plaintiff excepts." Again, the plaintiff does not except to the findings of fact. The facts found support the judgment, and this assignment of error is without merit, and is overruled.

The plaintiff did not appeal from this judgment even though she excepted to it, and thus had actual notice thereof. If Mrs. Hagins was *sui juris*, she slept on her right to appeal. If Mrs. Hagins was not competent and therefore unable to protect her own rights, as found by Judge Crissman, then this omission by Mrs. Hagins obviously illustrates the necessity for the appointment of the next friend to look after her interest.

The next friend is an officer of the court and a next friend, properly appointed, may negotiate, compromise and settle his ward's rights, provided this action is approved by the court. The court found that the sums offered were fair and reasonable, and that the acceptance of the compromise offer would be to the best interest and welfare of the plaintiff. *Oates v. Texas Co.*, 203 N.C. 474, 166 S.E. 317; *Rector v. Logging Company*, 179 N.C. 59, 101 S.E. 502; 27 Am. Jur. Infants, § 131; see also *Sell v. Hotchkiss*, 264 N.C. 185, 141 S.E. 2d 259.

Plaintiff's third assignment of error is based on the exception to the action of the court in allowing a fee and ordering payment of $1,000 to Joseph D. Franks, Jr., next friend of the plaintiff. This exception was not brought forward and set out in appellant's brief. This exception is deemed abandoned under Rule 28 of the Rules of Practice in the Court of Appeals.

The plaintiff attempts to assert that her constitutional rights have been violated, mainly upon the allegation that the court appointed a next friend without notice to her; this contention, in view of what has been said heretofore, is clearly without merit. Plaintiff relies on G.S. 1-582 to have the judgment set aside. The facts in this case do not bring this case within the purview of said statute. The

present case was pending and on the calendar in the superior court and the order appointing the next friend was made during a session of court.

The plaintiff has not appealed from the aforesaid order or judgments but instead has moved to vacate same. We find in G.S. 1-277 the following: "An appeal may be taken from every judicial order or determination of a judge of a superior court, upon or involving a matter of law or legal inference, whether made in or out of term, which affects a substantial right claimed in any action or proceeding; or which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial."

If the plaintiff felt that the order appointing a next friend affected a substantial right, and it did, it was her privilege, if she was *sui juris,* to appeal. No appeal was taken. The plaintiff's right of appeal from the final judgment came into existence on March 17, 1967, the date of the judgment. If she was *sui juris,* she was required to give notice of appeal within ten days after notice of the judgment or within ten days after its rendition, and Mrs. Hagins did neither. G.S. 1-279.

The plaintiff's fourth assignment of error is to the action of the court in denying, overruling and dismissing plaintiff's motion to vacate and set aside the order appointing the next friend and all subsequent orders entered thereafter. In view of what is said above, this assignment of error is without merit, and is overruled.

The fifth assignment of error is to the action of the court in signing a judgment overruling the plaintiff's motion and entering the same of record. In view of what is said above, this assignment of error is without merit, and is overruled.

The order of Judge Crissman, dated October 3, 1967, denying, overruling, and dismissing plaintiff's motion to vacate and set aside the order dated January 26, 1967, and all judgments and orders subsequently entered are affirmed.

BROCK and BRITT, JJ., concur.