BERNICE T. HAGINS v. SOUTH ATLANTIC BONDED WAREHOUSE CORPORATION, ALLIED VAN LINES, INC., AND REDEVELOPMENT COMMISSION OF GREENSBORO.

(Filed 28 February, 1968.)

**1. Appeal and Error § 28—**

Upon exception to a judgment without exception to any findings of fact, the findings set forth by the trial court will be accepted as established.

**2. Infants § 9—**

    The next friend is an officer of the court and may negotiate, compromise and settle the rights of his ward subject to a finding by the court that the settlement is reasonable, fair and for the best interests of his ward.

**3. Appeal and Error § 14—**

    Where plaintiff excepts to a judgment affecting a substantial right, the remedy is to give notice of appeal within ten days after notice of the judgment or within ten days after its rendition. G.S. 1-277, G.S. 1-279.

APPEAL by plaintiff from *Crissman, J.,* October 1967 Civil Session of GUILFORD Superior Court, Greensboro Division, from a judgment denying her motion to vacate and set aside the order appointing a next friend, dated January 26, 1967, and all subsequent orders made herein including the judgment dated April 14, 1967.

This is one of the four cases growing out of a condemnation proceeding originally instituted in 1961 by the Redevelopment Commission of Greensboro against the plaintiff herein. In Superior Court this was case no. 4439, and it is no. 67SC13 in this Court.

*Comer & Harrelson, attorneys for plaintiff.*

*Cannon, Wolfe & Coggin by J. Archie Cannon, attorneys for Redevelopment Commission of Greensboro.*

*Jordan, Wright, Henson & Nichols by Charles E. Nichols; and D. Newton Farnell, Jr., attorneys for defendants, South Atlantic Bonded Warehouse Corporation and Allied Van Lines, Inc.*

MALLARD, C.J. This case was consolidated with the three other cases in this Court for argument. The plaintiff in this case is the plaintiff in all the other cases, and the Redevelopment Commission of Greensboro is a defendant in all four cases. The other defendants herein are not involved in the other three cases. In this Court plaintiff filed only one brief, but a separate record was filed in each case. In the record in this case, the plaintiff sets out five assignments of error. Number one relates to the appointment of the next friend, and number three relates to the order allowing compensation to the next friend. These assignments of error are identical to the exceptions to the same orders which have been discussed and ruled on in the case of *Bernice T. Hagins v. Redevelopment Commission of Greensboro,* decided this day, *ante* page 40, and each are overruled for the reasons stated therein.

    The plaintiff alleges in her complaint that on May 25, 1962, the defendant, Allied Van Lines, Incorporated, and the defendant, Redevelopment Commission of Greensboro, unlawfully took posses-

sion and control of certain of plaintiff's personal property; that they removed it from her premises and delivered it to the defendant, South Atlantic Bonded Warehouse Corporation; that the defendant, South Atlantic Bonded Warehouse Corporation, received possession of plaintiff's property with full notice that it had been unlawfully taken from her, and that since the 25th day of May 1962, the defendant South Atlantic Bonded Warehouse Corporation, in concert with the defendant Allied Van Lines, Incorporated, and the defendant Redevelopment Commission of Greensboro, has exercised unlawful authority over plaintiff's property. She also alleges that because of the maltreatment by the defendants of plaintiff's property, she has been damaged in the sum of $10,000, and because of the wrongful exclusion of plaintiff from the possession, use and enjoyment, she has been damaged in the amount of $200 per month from and after the 25th day of May 1962, and that she is entitled to recover punitive damages in the amount of $12,000. Plaintiff seeks to recover judgment for these amounts.

The defendant, South Atlantic Bonded Warehouse Corporation, filed an answer denying the material allegations of plaintiff's complaint and alleged that it acted in good faith and at the request of the defendant, Redevelopment Commission of Greensboro, in moving certain personal property from a house located in the City of Greensboro and storing it in its warehouse for safekeeping, and that this defendant has carefully and reasonably kept said property since that time and issued its warehouse receipt for same. This defendant denies that the plaintiff is entitled to recover any sum from it.

The defendant, Allied Van Lines, Inc., filed an answer denying the material allegations of plaintiff's complaint and asserts that it had nothing to do with the hauling, carrying, moving, transportation, or storage of the plaintiff's property and asserts that it is not liable to the plaintiff in any sum.

The defendant, Redevelopment Commission of Greensboro, answering the complaint of the plaintiff filed herein, denies the material allegations thereof and asserts as a further defense that Judge Walter E. Crissman issued a Writ of Possession directing the Sheriff of Guilford County to place the Redevelopment Commission of Greensboro in possession of certain property and that the Sheriff of Guilford County, acting under said writ, caused to be removed some personal property of the plaintiff, and that same was removed and stored with the South Atlantic Bonded Warehouse Corporation; that the Redevelopment Commission of Greensboro did nothing except to obey the orders and the directions set forth in the judgment and the writ issued by the Superior Court. The Redevelopment Commis-

sion of Greensboro denies that the plaintiff is entitled to recover any sum whatsoever from it.

The plaintiff's second assignment of error is to the action of the Court in entering a final judgment in this case on April 14, 1967. This judgment reads as follows:

"THIS CAUSE coming on to be heard upon opening of Court at 9:30 a.m. and being heard before the undersigned Resident Judge of the Guilford County Superior Court in High Point, N. C., on the 14th day of April, 1967:

And it appearing to the Court, and the Court finding as a fact, based on the Order of the Court dated January 26, 1967, that the plaintiff is incapable of protecting her own rights or making decisions that would be to her best interest in this matter due to her apparent inability to comprehend judicial proceedings or to heed advice of counsel, and that the said Next Friend is the proper person to act herein on behalf of the plaintiff;

And it further appearing to the Court, and the Court finding as a fact, that Joseph Franks, appearing as Next Friend, notified Bernice T. Hagins by registered letter mailed April 10, 1967, and received by her on April 11, 1967, as evidenced by return receipt signed by her as addressee, a copy of which letter and the original receipt have been filed and made a part of the record of this case;

And it further appearing to the Court, and the Court finding as a fact, that said Next Friend was notified on April 10, 1967, by Wallace Harrelson, Attorney at Law of Greensboro, North Carolina, that he had been retained by Bernice T. Hagins, and whereupon Wallace Harrelson was then notified by said Next Friend that this matter would be heard before the undersigned Judge in open court at 9:30 a.m., Friday, April 14, 1967, in the Superior Court, High Point, North Carolina;

And it further appearing to the Court when this matter was called for hearing at 9:30 a.m. the following persons appeared: Joseph Franks, Jr., Next Friend, Charles E. Nichols, Esquire, for South Atlantic Bonded Warehouse Corporation, and Allied Van Lines, Incorporated; and Archie Cannon, Esquire, for the Redevelopment Commission of Greensboro, and the Court finds as a fact that neither Bernice T. Hagins, nor her attorney, Wallace Harrelson, appeared before the Court, and that neither communicated with the Court or Next Friend, regarding their appearance before the Court;

And it further appearing to the Court, and the Court finding as a fact, from statements made in open court by Joseph Franks, Jr., Next Friend, and from a Supplemental Affidavit filed herein by said Next Friend on the 7th day of April, 1967, which statements and Supplemental Affidavit found to be true.

And it further appearing to the Court, and the Court finding as a fact, that the parties to this action have agreed to waive a trial by jury and that the Court shall hear the evidence in the case;

And it further appearing to the Court that the plaintiff, through her Next Friend, has settled her claim herein against the Redevelopment Commission of Greensboro, one of the co-defendants, for the sum of $40,000.00;

And it further appearing to the Court, and the Court finding as a fact, that Joseph Franks, Jr., Next Friend of the plaintiff, has examined the property of the plaintiff now located at Rucker Moving and Storage Company, Inc., warehouse, and that said property is not in a damaged condition as a result of the movement or storage of the property by South Atlantic Bonded Warehouse Corporation and Allied Van Lines, Incorporated, as alleged in the Complaint, and that in relation to said examination the Next Friend has filed a Supplemental Affidavit herein;

And it further appearing to the Court, that the plaintiff, by and through the duly appointed Next Friend, and the defendants South Atlantic Bonded Warehouse Corporation and Allied Van Lines, Incorporated, and their successors and assigns, have agreed upon a compromise settlement and adjustment of all matters and things in controversy between them by the terms of which compromise settlement agreement defendants South Atlantic Bonded Warehouse and Allied Van Lines, Incorporated, and their successors and assigns, have agreed to accept the sum of $2,235.23 from the Redevelopment Commission of Greensboro, in full settlement and satisfaction for their services and the services of their successors and assigns rendered to the Redevelopment Commission of Greensboro and subsequently to the plaintiff since January 25, 1967, to thirty days after the date of this judgment, in consideration of which the plaintiff hereby relinquishes, releases and discharges the said defendants, and their successors or assigns, from all matters and things alleged, or which might have been alleged, in the Complaint in this action;

And it further appearing to the Court, that the defendants, South

Atlantic Bonded Warehouse Corporation and Allied Van Lines, Incorporated, have heretofore on March 28, 1967, filed exceptions and notice of appeal with regard to the judgment entered herein on March 17, 1967, and that said defendants have agreed to withdraw said exceptions and notice of appeal;

And the Court having investigated the matter of the proposed settlement and examined the Next Friend of the plaintiff with regard thereto, the Court is of the opinion, and finds as a fact, that the proposed compromise settlement is fair and reasonable and is for the best interest of the plaintiff; and, therefore, the Court is of the opinion, and finds as a fact, that the compromise settlement should be entered into by the Next Friend of the plaintiff and that the compromise settlement should be ratified, approved and confirmed by the Court;

Now, THEREFORE, by and with the consent of the plaintiff and the defendants, as evidenced by the signatures of the Next Friend of the plaintiff, and the attorneys representing the defendants South Atlantic Bonded Warehouse Corporation and Allied Van Lines, Incorporated, and their successors and assigns, which signatures are hereinafter affixed to this judgment, IT IS ORDERED, ADJUDGED AND DECREED that the plaintiff shall have and recover nothing of the said defendants, or their successors and assigns, by reason of any of the matters and things alleged, or which might have been alleged, in the Complaint in this action; that the said defendants, and their successors and assigns, shall have and recover nothing further of the plaintiff by virtue of any services rendered to her with respect to her property up to and including thirty days from the date of the entry of this judgment as hereinafter provided; that the plaintiff, or the plaintiff through her Next Friend, shall have thirty days from the date of this judgment to remove her property from the Rucker Moving and Storage Company, Inc., warehouse, and in the event that the plaintiff shall not remove her property therefrom within said thirty days, Rucker Moving and Storage Company, Inc., shall have the power to sell said property as by law provided and apply the proceeds of said sale to such charges as it may incur subsequent to the thirty-day period; that the exceptions and notice of appeal heretofore filed on March 28, 1967, by South Atlantic Bonded Warehouse Corporation and Allied Van Lines, Incorporated, are hereby withdrawn and dismissed; and that the costs of this action shall be paid by the defendant Redevelopment Commission of Greensboro."

In this final judgment the facts are set out in detail and the plaintiff makes no exception to any finding of fact. Upon a careful examination of the record, we find that the evidence before the Court fully supports the findings of fact, and the findings of fact support the judgment. We must accept as established the facts set forth in the court's findings of fact. *Weddle v. Weddle*, 246 N.C. 336, 98 S.E. 2d 302; *In re Estate of Cogdill*, 246 N.C. 602, 99 S.E. 2d 785; *In re Hardin*, 248 N.C. 66, 102 S.E. 2d 420; *Trust Company v. Buchan*, 256 N.C. 142, 123 S.E. 2d 489.

The next friend is an officer of the court and a next friend, properly appointed, may negotiate, compromise and settle his ward's rights, provided his action is approved by the court. The judge found that the proposed settlement as set out in the foregoing judgment was fair and reasonable and was for the best interest of the plaintiff. Assignment of error number two is without merit and is overruled. *Oates v. Texas Company*, 203 N.C. 474, 166 S.E. 317. See also *Hagins v. Redevelopment Commission of Greensboro*, this day decided by this Court, *ante* page 40, and the cases cited therein.

Plaintiff's right to appeal from this judgment came into existence on April 14, 1967. Plaintiff took exception to the judgment but did not appeal therefrom. This judgment affected a substantial right. If she was *sui juris*, as she contends, she was required to give notice of appeal within ten days after notice of the judgment or within ten days after its rendition, and although she took exception thereto, she did not appeal. G.S. 1-279; G.S. 1-277.

Plaintiff's fourth and fifth assignments of error are to the action of the court in overruling her motion and signing the judgment in connection therewith. In view of what is said above and in view of the ruling in *Bernice T. Hagins v. Redevelopment Commission of Greensboro*, this day decided, *ante* page 40, we hold that these assignments of error are without merit, and they are overruled.

The order of Judge Crissman, dated October 3, 1967, denying, overruling and dismissing plaintiff's motion to vacate and set aside the order dated January 26, 1967, and all judgments and orders entered in this case subsequent thereto are affirmed.

Affirmed.

BROCK and BRITT, JJ., concur.